TAYLOR BROWN AND ANOTHER, v. JOHN ECTOR AND WIFE.

In order to charge the separate property of the wife, under the Statute, it is necessary for the plaintiff to bring his case, by allegation and proof, clearly within the terms of the Statute. (Hart. Dig. Art. 2423.) It is not sufficient to allege and prove the insolvency of the husband, and that the debt was for necessaries for the family.

In order to charge the separate property of the wife, on general principles of equity, for necessaries for the family, the plaintiff must allege, (in addition to the insolvency of the husband,) such facts as show that the rents, hire and profits, of the separate property, are insufficient to discharge the demand.

Error from Rusk. Tried below before the Hon. William W. Morris.

The facts are stated in the Opinion.

*N. G. Bagley*, for plaintiff in error, cited Womack v. Womack, 8 Tex. R. 397 ; Cartwright v. Hollis, 5 Id. 153 ; Walker v. Milburn, 11 Id. 329.

HEMPHILL, CH. J. This was a suit on a note given by John Ector, one of the defendants. The note was given in liquidation of an account for goods, wares and merchandise, furnished, as the plaintiffs' charge, to the said John Ector and Martha his wife, for the use and benefit of the said Martha and her negroes ; that, at the time of the sale of the said articles, the said John Ector had no separate property known to plaintiffs ; that there was no community property belonging to plaintiffs ; that the said John Ector was, and is now, wholly insolvent and unable to support his wife and negroes, without the aid or use of the separate property of the said Martha ; that she owns a number of negroes in her exclusive right ; that the articles were necessary to carry on the farm of the said Martha, and in providing for her and her separate property.

The plaintiffs prayed for judgment against the defendants, and for a decree against the separate property of the wife. It was admitted on the trial that John Ector, the husband, was insolvent, and that all the property, consisting of ten negroes, was the separate property of the wife. It was proven that the articles were sold to the husband's wife in person ; that the note was given by the husband in settlement of the account, and that all of the items in the account were necessaries for the family, (except the fifty dollars paid Burk, &c.) The jury found against the husband, and that the separate property of the wife was not liable. A motion for new trial being overruled, plaintiffs appealed, and assigned various errors to the effect,

1st. That there was error in the whole charge.

2nd. In refusing charges asked by plaintiffs.

3d. Error in the verdict in not finding the separate property of the wife liable for the account and note.

4th. Verdict contrary to law and evidence ; and, also, error in not finding the wife liable for all items of said account, purchased by her and her order, and all that were admitted or proven to be necessaries for the support and benefit of herself and separate property, &c,

5th. That the whole action of the Court and jury was wrong.

To determine whether the whole action of the Court below was erroneous, we will refer to the law by which the rights of the parties in the suit are controlled. This is found in the fourth and fifth Sections of the Act of 1848, defining Marital Rights. (Art. 2423 and 2424, Hart. Dig.) By these it is declared, in substance, that a husband and wife may be jointly sued for all debts contracted by the wife for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property ; and that when, upon the trial of any such suit, it shall appear to the satisfaction of the Court and jury, that the debts so contracted or expenses so incurred, were for the purposes previously enumerated, and that the said debts and expenses were reasonable and proper, the Court shall decree that execution may be levied upon either the common property or the separate property, at the pleasure of the plaintiff.

The suit was manifestly brought under these Sections of the law. The petition is for payment of goods, wares, &c., furnished the wife for her use and benefit, and that of her negroes, and that they were necessary and for the purpose of carrying on the farm of the said Martha, and providing for her and her negroes, and for the benefit of her and her separate property.

It is a principle applicable to all actions, that the proof and

allegations must correspond to each other ; but, especially in actions of this character, so oppressive upon that partner in matrimony who is subject to so many disabilities, must every material fact be distinctly proven, before her property can be subjected to execution and to sacrifice.

But such was not the proof in this case.   It was not proven that the articles furnished were necessaries for the wife or for her separate property.   True, it was proven that the articles, with some exceptions, were necessaries for the family.   This does not correspond with the averments of the petition, nor does it satisfy the terms of the Statute.   The husband is a member of the family.   So would be his children by another marriage, if any there were.   Proof that articles were necessaries for the family, will not sustain an action for necessaries for the wife, her children, or her separate property.   It is clear that the verdict is not against the evidence.   On the contrary, they could not, under the proof, have returned any other verdict.

Whether the charges were right or wrong, becomes an immaterial inquiry.   If erroneous, the plaintiff suffered no injury, for they did not make out, by the proof, a case which was responsive to their allegations, nor which would entitle them, under the statute, to a judgment against the separate property of the wife.

It must be remembered that the suit is brought exclusively upon the statute, and by that it must stand or fall.   The statute does not provide relief in cases where the articles sold are family necessaries, but where they are necessaries for the wife, her children, or her separate property.

But the creditor is not without his remedy, provided it be sought in a mode known to the law.   Independent of the statute, the separate property of the wife is liable for family necessaries in cases where the husband is insolvent, and there is no community property.   This subject was discussed in the case of Christmas v. Smith, (10 Tex. R. 128,) and it was there said

that this rule, in relation to the liability of the separate estate of the wife, (outside of the statute,) was subject to modifications, depending on the amount of the property, the ability of the husband to support himself, &c. But as demands of this character, (embracing every species of family necessaries,) are not within the purview of the statute, the Courts are under no obligation to render the statutory judgment, but may give such judgment as will do justice to the creditor, and save the property of the wife from unnecessary sacrifice. It is a general rule of equity jurisprudence, that debts against the separate estate of married women, should be paid, if possible, out of the rents and profits of such property, and that the corpus, or capital, should not be expended, unless in case of necessity ; and it is incumbent on creditors to show that the rents, hire and profits, would not suffice for the discharge of their debts, or that there is such equity in their demands, as to entitle them to immediate discharge. In this case the creditor has not sought relief on general principles of equity, but under a statute which is peculiarly oppressive upon the wife. Having sought the statute, he should have adduced the proof required by its provisions. This he has failed to do, and the judgment being properly rendered against the appellants below, is here affirmed.

Judgment affirmed.