N. A. & E. McFADDIN v. DAWSON D. CRUMPLER AND ANOTHER.

The effect of the decision in Christmas v. Smith, (10 Tex. R. 123,) is that the allegation and proof must show, in a suit under the statute, (to charge the separate property of the wife for articles purchased by her or by her authority,) that the articles were necessaries for the wife or her children, or for the benefit of her separate property; and that, if it be intended to charge the separate estate of the wife for necessaries for the husband or the family generally, the suit must be brought independent of the statute, and it must be averred that the husband had no separate property, and that there was none in community; at least, not sufficient to bear the reasonable charges of the matrimony; and that on general principles, independent of the statute, the Court might give judgment, charging either the rents or profits or the capital of the separate estate, with payment, as may be most equitable, as well for the creditor as for the estate to be charged.

A fundamental principle, in relation to suits to bind the separate estate of the wife, is this, that such estate cannot be held liable, except in cases clearly, strictly and fully authorized by the statutes or the equitable principles of the laws of the land.

Error from Washington. Tried below before the Hon. R. E. B. Baylor.

The facts are stated in the Opinion.

*Lewis & Davis*, for plaintiffs in error. The case of Christmas v. Smith, 10 Tex. R. 123, is referred to as having settled the principles involved in this case.

*J. D. & D. C. Giddings*, for defendants in error. The 4th instruction was also properly refused. It is in direct violation of Art. 2423, Hart. Digest. Under this Section it is sufficient that the debt was contracted by the wife, and was for necessaries for herself and family; and certainly the husband is a member of the family. And by Section 5th of same Act, the Court has power to direct that the execution shall be directed against either the community property or the separate property of the wife; hence in order to charge the separate property of the wife, it is only necessary to allege and prove that the debt was contracted

by the wife and necessary for her support, or that it was necessary, reasonable and proper, and for the benefit of her separate property. All this proof was made, and the instructions given were more favorable to defendants than the facts of the case would warrant. The allegation of the insolvency of the husband was stricken out to avoid a continuance by the defendants.

HEMPHILL, CH. J. This was a suit by Crumpler & Lusk against Nathan A. McFaddin and Eliza his wife, to recover the amount of a store account. The amended petition charges that the goods were sold to defendants at the special instance and request, and upon the orders, of the said Eliza ; that the goods were obtained entirely upon her credit, and were necessary to the support and maintenance of the family of the defendants, and for the use and benefit of the separate property of the said Eliza. The petition prayed for judgment subjecting the separate property of the wife to the payment of the claim, and for general relief. The amendment had also averred that the husband is, and was at the purchase of the goods, notoriously insolvent ; but the averment was afterwards withdrawn and stricken out by the plaintiffs.

On the trial it was proven that the wife claimed all the property, and that it was assessed for taxes as her estate. There was exception to this testimony, (at least to that of one of the witnesses, the tax collector,) on the ground that there was no allegation under which it was admissible, but the objection was overruled.

There was no evidence that the goods were used for the separate property of the wife ; and the evidence amounted only to this, that the account was a reasonable one for such a family as that of defendants, and that the items were such as were generally used in families.

There was judgment for plaintiffs, and motion for new trial overruled.

I shall not examine the various charges given at the request of both of the parties, or those which were refused.

This suit was evidently brought under the 4th Section of the Marital Rights Act of March, 1848. (Hart. Dig. Art. 2423.) This declares that the husband and wife may be jointly sued for all debts contracted by the wife for necessaries furnished herself

or children, and for all the expenses which may have been incurred by the wife for the benefit of her separate property.

Now, is such cause of action set out in this case as to conform to the statute ? Certainly not. By the Section the suit is given for necessaries furnished the wife or children; but the suit is for necessaries for the family of the husband and wife, including, of course, in the family not only the wife and her children, but also the husband and other persons who may constitute the family. The effect of the decision in Christmas v. Smith (10 Tex. R. 123) is that the allegation and proof must show, in a suit under the statute, that the articles were necessaries for the wife or her children, or for the benefit of her separate property; and that, if it be intended to charge the separate estate of the wife for necessaries for the husband or the family generally, the suit must be brought independent of the statute, and it must be averred that the husband had no separate property, and that there was none in community, at least not sufficient to bear the reasonable charges of the matrimony; and that on general principles, independent of the statute, the Court might give judgment, charging either the rents or profits or the capital of the separate estate with payment, as may be most equitable, as well for the creditors as for the estate to be charged.

This suit does not conform to, and cannot be supported by, the statute. Nor does it comply with the requisites of pleading where suit is brought independent of the statute. The insolvency of the husband is not alleged.

A fundamental principle, in relation to suits to bind the separate estate of the wife, is this, that such estate cannot be held liable unless in cases clearly, strictly and fully authorized by the statutes or the equitable principles of the laws of the land.

The judgment is reversed and cause remanded for a new trial.

Reversed and remanded.