ROBERT N. STANSBURY ET UX. *v.* EDWARD NICHOLS.

See the opinion for insufficient averments to charge the separate property of the wife upon a bill drawn by her husband.

The court reviewed the Texas cases and the 4th and 5th sections of our statute about marital rights, and seemed inclined to adopt the principle, that the separate property can only be made liable under the statute, or where she has given express authority to bind her property, but not upon any general equity. (Paschal's Dig., Arts. 4643, 4644, Notes 1052.)

In order to charge the separate estate of a married woman under the statute, the facts must be explicitly averred, and must be such, being true, as exclude a fair and substantial doubt of her liability; otherwise no sufficient basis is laid for a judgment against her. (Paschal's Dig., Arts. 4643, 4644, Note 1052.)

The rule upon error is, that the verdict or decree cures all defects, imperfections, or omissions in the petition or statement in the cause of action, in substance or form, if the issues be such as to require proofs of the facts imperfectly stated or omitted; but it will not cure or aid a statement of a defective title or cause of action. (Paschal's Dig., Art. 1581, Note 613.)

ERROR from Harrison. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

The case turned upon the sufficiency of the petition to charge the wife. The averments are sufficiently set forth in the opinion of the court. The court having instructed

xxx—10.

the jury that, if they found the averments of the petition to be true, they would find for the plaintiff, and the general demurrer not having been acted upon, the question really was upon the sufficiency of the petition upon error, though, as the defendant suggested delay, according to a rule of the court the whole record was opened.

*A. H. Willie,* for plaintiff in error, reviewed the Texas decisions upon the subject.

*Tignal W. Jones,* for defendant in error.—There are three assignments of error. The first assignment is: "The court erred in not sustaining the demurrers of defendants to plaintiff's original and amended petition." If there was any demurrer to plaintiff's amended petition the record does not disclose the fact.

Mary M. Stansbury filed a general demurrer to plaintiff's original petition, and afterwards the plaintiff amended his petition. But there is no statement of the facts nor bill of exceptions to be found in the record, nor does it appear that any action whatever was taken by the court upon the demurrer. (Hodges v. Longcope, 23 Tex., 155.)

The second assignment is: "The court erred in its charge to the jury." The assignment is worthless in the absence of a statement of facts. This court will not revise the charge of the court below without a statement of facts. (Berge v. Wanhope, 23 Tex., 441.)

The third assignment is: "The court erred in not setting aside the judgment as against Mrs. Mary M. Stansbury, and rendering judgment against R. N. Stansbury alone." The record does not disclose that there was any motion made in the court below in arrest of judgment, for a new trial, or to set aside the judgment as to Mrs. Mary M. Stansbury. This court cannot, therefore, I presume, consider this assignment of error at all.

There is then no error in this case of which this court

will take cognizance. I therefore suggest delay, and ask that the judgment of the court below may be affirmed with damages.

COKE, J.—The judgment in this case is against Stansbury and wife. There is neither a statement of facts nor bill of exceptions in the record, nor was there a motion for a new trial in the court below. Mrs. Stansbury filed a general demurrer, which does not appear to have been acted on, and an answer amounting in substance to a general denial. Of the liability of Robert N. Stansbury, the husband, no question is made. The only question we have to consider is whether or not the petition, admitting its allegations to be true, discloses a cause of action against the separate estate of Mrs. Stansbury.

The suit was commenced on the 2d of March, 1860, on a draft drawn by Robert N. Stansbury, the husband, in favor of W. E. Miller, on Henderson, Terry & Co., of New Orleans, Louisiana, for $246, payable on the first day of April, after date, and dated February 8, 1858, and indorsed by said Miller to plaintiff, Nichols. It is alleged in the petition that the draft was duly presented, and payment refused by the drawees, they having no funds of the drawer; that said Robert N. Stansbury is wholly insolvent; that his wife, Mary, owns a large amount of property, consisting principally of land and negroes, which is employed in planting; that the consideration of said draft was two mules, purchased for the use of the farm of said Mary, and necessary for the profitable employment of her negroes and land; that the mules were taken home, and placed on the farm and in the service of the said Mary, and with her knowledge, consent, and approbation; that there is no community property nor any crop on hand, and that said Mary owns stock in and about her plantation, consisting of mules, horses, cows, and hogs.

These are the material averments of the petition, and

we are of opinion that they disclose no cause of action against Mrs. Stansbury, and are insufficient to support a judgment charging her separate property. In Christmas v. Smith, 10 Tex., 123, it was held, that the debt, under the statute, must be contracted by the wife personally, or, if made by an agent, her assent must appear, and if authority arises only by implication, the circumstances must be strong and clear upon which authority is to be presumed. In Magee v. White, 23 Tex., 194, this court held, that in order to charge her separate estate, the contract must be made by the wife herself, or by her special authority; that the husband may be her agent to make contracts that will bind her separate estate, but it is not to be presumed that he is her agent because he is her husband; that the agency must be one in fact, and not a thing to be presumed because of the relation of husband and wife. There is no allegation in the petition that Stansbury was authorized by his wife to make this purchase, or that she ever ratified or adopted it, or assumed any liability on account of it. Nor are any facts or circumstances alleged from which any such authority or ratification can be implied. For aught that appears in the record, Mrs. Stansbury never heard of this draft until she was sued on it.

The allegation that "the mules were taken home and placed on the farm, and in the service of said Mary, with her knowledge, approbation, and consent," cannot certainly be held tantamount to an allegation of a special authority to her husband to buy them. That may well have been done without any knowledge on her part that this draft had been drawn. Stansbury, the husband, is alleged to be insolvent at the date of the filing of the petition, and at the same date it is alleged that there is no community property. These mules were purchased nearly two years before. There is no allegation which negatives his solvency at that time, or that there was an abundance of community property. The profits of the plantation

were under the control and at the disposal of the husband, to be expended as he saw proper, and was the proper fund for the purchase of such necessaries as these mules are alleged to be.

Mrs. Stansbury may well have supposed that these mules had been paid for from some of these sources. In order to charge the separate estate of a married woman under the statute, the facts relied on must be explicitly averred, and must be such, being true, as exclude a fair and substantial doubt of her liability; otherwise no sufficient basis is laid for a judgment against her. The petition and amendment in this case manifestly fall far short of averments necessary to entitle the plaintiff below to a judgment against Mrs. Stansbury, under the 4th and 5th sections of the act of March 13, 1848, on the subject of marital rights, because they do not allege that the debt was contracted by the wife, or by her authority. [Paschal's Dig., Arts. 4643, 4644, Note 1052.]

The doctrine asserted in the cases of Christmas v. Smith, 10 Tex., 123; Brown v. Ector, 19 Tex., 348; and McFaddin v. Crumpler, 20 Tex., 374, to the effect, that in certain cases the separate statutory estate of a married woman may be charged on general principles of equity, independently of the statute, have been very much modified by this court in the more recent cases of Magee v. White and Haynes v. Stovall, 23 Tex., 182, 626. Whether such an estate can be made liable in any other mode than that pointed out by the statute, under any circumstances, it is not necessary now to decide. If it were admitted that a case might arise where it might be done, it is sufficient to say that this is not such a case.

The petition in this case would have been bad on general demurrer. The general demurrer, however, does not appear to have been relied on in the court below. There being no foundation in the pleadings for the judgment, the objection to it is well taken in this court on error.

In DeWitt v. Miller, 9 Tex., 239, this court held, that "the verdict or decree cures all defects, imperfections, or omissions in the petition or statement of the cause of action, whether of substance or of form, if the issues joined be such as to require proof of the facts imperfectly stated or omitted, though it will not cure or aid a statement of a defective title or cause of action." In McLellan v. The State, 22 Tex., 409, this is said to be the true rule to be deduced from the authorities and the elementary writers on the subject. The judge instructed the jury on the trial of this case below, if they believed from the evidence the facts stated in the petition to be true, to find for the plaintiff.

The fact whether the debt sued for was contracted by Mrs. Stansbury or by her authority was not involved in the issue submitted by the court to the jury, because, as we have seen, that fact was not alleged in the petition. We are of opinion that the deficiency in the petition is not cured by the verdict. If the demurrer had been relied on below, it is possible that the plaintiff would have been able to amend and show good cause of action against Mrs. Stansbury. The judgment must be reversed, and will be remanded, that he may yet have an opportunity to do so.

Judgment reversed, and cause REMANDED.

[WILLIE, J., having been of counsel in the court below, did not sit in this case.]