BLEVINS ET AL. v. CAMERON & MAYFIELD.

(No. 3047.)

LIEN, MECHANIC'S — WHEN THE WIFE'S SEPARATE PROPERTY AND THE HOMESTEAD SUBJECT TO PLEADING.— In order to subject the wife's separate property to mechanic's lien for improvements, contracted for by the husband, it must be alleged and proven that the husband was acting as her authorized agent at the time; and it will not be presumed that he was such agent because he was her husband. The averment of her knowledge of such purchase and the purpose for which it was made does not supply, by implication, that essential ingredient of her liability. In order to subject the homestead to mechanic's lien, it is necessary that the wife's consent to thus incumber the homestead be evidenced in the mode prescribed by law for the alienation of her separate property.

Appeal from Grayson county. Opinion by Walker, J.

Statement.— This suit was brought in June, 1874, by the appellees against the appellants, as husband and wife, on an account for lumber sold and delivered by them to the husband, amounting to $294.42, for the purpose of constructing a dwelling-house and outhouses on two certain lots in the town of Sherman, the title to which was in Mrs. Blevins, the wife. The plaintiffs alleged that it was not known to them at the time they furnished the lumber that she owned the lots; that her title to them was not then recorded, and that the lumber was used in the construction of said houses with the knowledge of the wife, and that the lots were rendered more valuable by the improvements, etc. Plaintiffs allege that they fixed their lien upon said property within the time and in the mode prescribed by law, setting forth the facts. Plaintiffs prayed to subject the houses and lots to their lien, and for general relief. Defendants filed a general demurrer, which does not appear to have been relied upon, as no action was had upon it by the court, nor to have called it to the court's attention.

The plaintiffs' account was attached as an exhibit to the petition and its correctness sworn to. They also introduced in evidence their sworn and duly recorded statement of the verbal contract between themselves and Blevin for the sale of the lumber, which had been recorded in the proper office in order to fix their statutory lien. This instrument recited that the lumber was purchased and used by Blevins as stated in plaintiffs' petition. The plaintiffs also proved that the house and lots described were the homestead of defendants and were so at the time the lumber was furnished. Verdict for the plaintiffs for the amount with interest, and finding the property subject to plaintiffs' lien. Judgment accordingly rendered decreeing sale to be made. Defendants appealed and assigned as error the refusal of the court to give instructions asked for by defendants and admission of certain evidence over their objections.

OPINION.— The plaintiffs' petition admitted that the wife had the title to the lots at the time of the transaction with her husband in relation to the sale of the lumber, nor does the petition attempt to qualify the implication from that admission that she was the legal and equitable owner of the property. The averments in the pleadings of a party will be taken most strongly against him.

Indeed, so far from seeking to charge the property to be community property, notwithstanding the fact that the title was held as they allege, the plaintiffs rest their right to subject the property to their supposed lien upon the wife's knowledge and silence or acquiescence in the acts of her husband in contracting for and making improvements upon her property, and not upon the allegation that it was, in fact, property belonging to the community. The question is whether the facts which are alleged show a cause of action against the wife to subject her property to sale for the payment of the debt contracted by the husband for lumber to improve it. See Warren v. Smith, 44 Tex., 245; Magee v. White, 23 Tex., 180. See, also, third section of the act referred to, article 4643. There was no averment in the petition of agency, or that it was her contract. Chief Justice Hemphill says: "A fundamental principle in relation to suits to bind the separate estate of the wife is this: that such estate cannot be held unless in cases clearly, strictly and fully authorized by the statutes or the equitable principles of the laws of the land." McFadden v. Crumpler, 20 Tex., 376. This rule was re-affirmed in Stansberry v. Nichols, 30 Tex., 149; Brown v. Ector, 19 Tex., 346; Haynes v. Stovall, 23 Tex., 625.

To affect the wife's homestead rights it would be necessary that her consent be evidenced in the mode prescribed by law for the alienation of her separate property. Gaylord v. Loughridge, 50 Tex., 576; Campbell v. Fields, 35 Tex., 754.

In the charge of the court below the jury are instructed that if the plaintiffs were otherwise entitled to recover for

their debt, they would also be entitled to have a lien upon the property described in the petition. The defendants excepted to the charge in these respects, by asking instructions which presented counter propositions of law, which were refused. Neither the charge nor the instructions need be more specifically stated. The jury were, of course, misled in following the charge, to a wrong result, to the injury of appellants.

REVERSED AND REMANDED.