### Nora Daniel et al. v. Rowena M. Mason.

Decided December 21, 1896.

1. Married Woman—Estoppel.

A married woman and her heirs are not estopped from claiming title to land conveyed by deed, in which she is not joined by her husband, by the fact that she received the purchase money, executed the deed, and permitted it to be delivered to a purchaser ignorant of her coverture, and placed upon record. (P. 244.)

2.  Same—Innocent Purchaser.

The rule which protects the bona fide purchaser of the legal title, for value, without notice of the equitable title of another, applies only to cases of purchase from a holder of the legal title 'who has power to contract, and does not protect the purchaser from a married woman in whose deed the husband does not join. (Pp. 244, 245.)

3.  Same—Fact Case.

Lands were conveyed to N. D., a married woman, who, without being joined by her husband, executed a deed which she acknowledged in the form proper for a feme sole, and permitted to be delivered to a stranger, a purchaser for value, who had no knowledge of the fact that she was a married woman, and such purchaser conveyed with warranty to a purchaser for value, also without notice of N. D.'s coverture. Held, that the title remained in N. D. and her heirs. (Pp. 242 to 245.)

ERROR to Court of Civil Appeals for Second District, in a case on writ of error from Tarrant County. The suit was brought by Rowena M. Mason against the surviving husband and minor children of Nora Daniels, under whom, through mesne conveyances, plaintiff claimed title to the land in controversy, and the suit was to remove cloud from title. Defendants claimed title in themselves and also sought to have the cloud on their title removed. Plaintiff prevailed, and on writ of error taken by defendants, the judgment was affirmed, whereupon they obtained writ of error for revision of the judgment by the Supreme Court.

*Sidney L. Samuels,* for plaintiffs in error.—The mere execution of the deed by Nora Daniel together with knowledge on her part that it would probably be placed of record, unaccompanied by some positive deceitful act or aggressive fraud on which the purchaser could rely, is not within itself such conduct as would in law estop a married woman. Fitzgerald v. Turner, 43 Texas, 79; Johnson v. Bryan, 62 Texas, 626; Steed v. Petty, 65 Texas, 496; Wooldridge v. Hancock, 70 Texas, 21; Bigelow on Estoppel (3d ed.), 510; McLaren v. Jones, 33 S. W. Rep., 849.

If it were conceded that the proof demonstrated that the plaintiff below relied on the records of deeds and believed Nora Daniel a person competent to contract alone, those claiming under Nora Daniel are not estopped from claiming the property in controversy, even as against the second' vendee, Mrs. Rowena Mason. Searcy v. Hunter, 81 Texas, 647; Hovey v. Hobson, 89 Am. Dec., 705; Harrod v. Myers, 76 Am. Dec., 417.

If the wife has no power to convey an estate she assumes to convey, it must be true, no fraud intervening, that her act cannot be made the basis of estoppel; for otherwise she would be able to accomplish indirectly that which the law declares she shall not do, nor have power to do. Wadkins v. Watson, 86 Texas, 202.

*Seth W. Stewart,* for defendant in error.—The defendant in error, Rowena M. Mason, was an innocent purchaser of the property in controversy, for a valuable consideration fully paid, without any notice or knowledge, either actual or constructive, of the claims of the plaintiffs in error, at the time she made such purchase; and without any notice or knowledge that Nora Daniel, the mother of the plaintiffs in error, was a

married woman, or had any husband, neither at the time the property was conveyed to her by James Coffey, nor at the time she conveyed the same to John T. Mason; and neither the deed to her nor the deed made by her to John T. Mason, both of which were on record in Tarrant County, Texas, and in the chain of Rowena Mason's title, showed by any clause or recital therein, or in the certificates of acknowledgment, that she was other than a feme sole. But the certificate of acknowledgment being in the form of a certificate of acknowledgment of a single woman, the defendant in error had a right to believe, and did believe, that the said Nora Daniels was a single woman, and was therefore an innocent purchaser without notice, and was .clearly entitled to recover in this case. Hensley v. Lewis, 82 Texas, 595; Patty v. Middleton, 82 Texas, 586; Edwards v. Brown, 68 Texas, 329; Hill v. Moore, 62 Texas, 613; Stiles v. Japhet, 84 Texas, 97; Saunders v. Isbell, 5 Texas Civ. App., 513; Yancey v. Batte (dissenting opinion of Judge Moore), 48 Texas, pages 79, 80, 81.

The judgment of the District Court and the Court of Civil Appeals in this case should be affirmed because Nora Daniels and those claiming under her are estopped by her conduct in the execution of the deed in question. "A wife who is herself the instrument of deception or who contributes to its success by countenancing it may with justice be charged with the consequences of her conduct." Sexton v. Wheaton, 8 Wheat., U. S., 229; Besson v. Eveland, 26 N. J. Eq., 471; 2 Bishop, Married Women, sec. 490; Pomeroy, Eq. Juris., sec. 814 (2d ed.); Continental Bank v. Natl. Bank, 50 N. Y., 575; Blair v. Wait, 69 N. Y., 113; Cravens v. Booth, 8 Texas, 243.

DENMAN, ASSOCIATE JUSTICE.—It appears from the findings of fact by the trial court in this cause that James Coffey, common source of title, on the 11th day of November, 1881, conveyed to Nora Daniels, the then wife of Thomas J. Daniels, the land in controversy, situated in Tarrant County, Texas, the deed reciting a consideration paid of $500, with no word or expression therein indicating that the same was conveyed to her as her separate estate; that Nora Daniels, on the 2d day of August, 1882, conveyed said land by general warranty deed to John T. Mason, who paid a valuable consideration therefor, said Mason purchasing in good faith, believing that Nora Daniels had a right to convey said land, said deed being acknowledged in the ordinary form required by statutes of Texas for a single person or feme sole, there being nothing in the deed to indicate whether Nora Daniels was single or married, beyond the fact that the acknowledgment was as above indicated and her husband did not join her in its execution; that said Mason, in consideration of $950, on the 13th day of May, 1884, executed and delivered to Rowena M. Mason a general warranty deed for said land, which consideration was then paid in good faith by said Rowena M. Mason without notice of the fact of coverture of said Nora Daniels; that Nora Daniels died in 1892,

leaving her said husband and following children, to-wit, Nora, Thomas, and Marie Daniels, surviving her; that each of the deeds aforesaid was immediately after execution duly recorded in the county where the land was situated; that there was no evidence of any deception or misrepresentation on the part of Nora Daniels in executing said deed, other than such as might be deduced from the fact of its execution and delivery through a third person to whom the money was paid, neither her immediate nor any subsequent grantee having ever had any communication with her upon the subject.

This suit was brought by said Rowena M. Mason against the said husband and children of Nora Daniels to remove the cloud supposed to be cast upon plaintiff's title by the assertion of a claim to said land through said deed to Nora Daniels upon the supposition that the deed executed by her did not divest her of title. Said husband and children answered by a plea of not guilty, and also by a special plea setting up title in themselves under said deed to Nora Daniels, and asking that the cloud cast upon their title by the assertion of claim thereto by Rowena M. Mason be removed, and that their title be decreed perfect.

Upon a trial before the court without a jury upon the facts above stated, the court found the following conclusions of law:

"First. I find that by executing the deed to John T. Mason and allowing and permitting James Coffey to deliver same, and it following as a natural consequence that the same would be placed of record, and thus making an apparently clear title upon the record, that the said Nora Daniels was guilty of such fraud as will estop her and those in privity with her from asserting any right, claim, or title to the property in controversy, especially as against the second vendee, the plaintiff herein, who had no notice of the coverture of the said Nora Daniels and no knowledge of any fact that would demand an inquiry as to such coverture.

"Second. I find that the said Rowena Mason, being unaffected by actual notice of the coverture of Nora Daniels or of any fact that would put her upon inquiry as to the truth of said Nora Daniels' disability, and having paid value for the land, had a right to rely upon the record as to the condition of the title of the property she was purchasing, and the right to assume that the said Nora Daniels was sui juris and competent to contract; and, in consequence, the said Rowena Mason is an innocent purchaser and entitled to protection as such.

"Third. I accordingly find that the plaintiff should be given judgment to remove the cloud from title to the property, as prayed for in her petition."

In accordance with these findings the trial court rendered judgment for plaintiff Rowena Mason, from which judgment said defendants appealed to the Court of Civil Appeals, assigning as error the action of the trial court in finding each of said conclusions of law, whereupon the Court of Civil Appeals affirmed the judgment of the trial court, adopting the second conclusion of law found by the trial court as above stated. From

which judgment of affirmance plaintiffs in error have brought the case to this court by writ of error, assigning as error, among other things, the action of the Court of Civil Appeals in holding that the trial court did not err in finding each of said conclusions of law.

We are of opinion that the trial court erred in its first conclusion of law, to the effect that the heirs of Nora Daniels were estopped. She did nothing more than execute and deliver the deed, and probably receive the purchase money.

If the mere execution of a deed and receipt of the purchase money constitute an estoppel, then in all cases, though a married woman has no capacity to convey by deed wherein she is not joined by her husband, nevertheless the deed and its subsequent recording by the purchaser would pass the title by estoppel. Thus the attempt to make a conveyance which she has no legal capacity to make would, of itself, be held sufficient to estop her and her heirs from denying its binding force. This would virtually remove the disability of coverture. Such a rule has never been recognized in this State. McLaren v. Jones, (33 S. W. Rep. 850,) 89 Texas, 131. We are of opinion that the Court of Civil Appeals erred in not holding that the trial court erred in its said conclusion of law.

The Court of Civil Appeals, however, affirmed the judgment as a result of its approval of the trial court's second finding of law above set out, and cite as authority the following cases: Hill v. Moore, 62 Texas, 610; Edwards v. Brown, 68 Texas, 329; Patty v. Middleton, 82 Texas, 586, and cases cited; Hensley v. Lewis, 82 Texas, 595; Key v. La Pice, 88 Texas, 209. These cases hold that, where the legal title is in one and the equitable title is wholly or in part in another, a bona fide purchaser of such legal title from the holder thereof, for value, without notice of such undisclosed equity, will take free of same. In other words, the doctrine of these cases protects a bona fide purchaser for value, from the holder of the legal title with capacity to contract, against the undisclosed equity of another in the thing conveyed. As said by Associate Justice Stayton in Hill v. Moore, supra: "It is a well recognized doctrine in equity that a bona fide purchaser of the legal title to property, who pays a valuable consideration therefor, without notice, actual or constructive, of the right of other persons, is entitled to protection against others who may have equitable title or interest in the thing purchased; and it matters not whether the thing purchased be real or personal property."

An entirely different proposition however is advanced by the trial court's second conclusion of law above set out as having been approved by the Court of Civil Appeals as the basis for the affirmance of the judgment. The proposition is that a bona fide purchaser for value, from the holder of the legal title with no capacity to contract, will be protected against the subsequent claims of such vendor or his heirs, seeking to avoid the binding force of such contract by reason of such want of capacity, on the ground that such purchaser had no notice of such want of capacity. We know of no instance in which such protection has ever

been extended. Even under the rules of the law merchant, which manifest so much solicitude for the protection of a bona fide holder for value of negotiable paper, such protection is not afforded. In Daniel on Negotiable Instruments, (3d ed.) secs. 806-7, it is said: "There are some defenses which are as available against a bona fide holder for value, and without notice, as against any other party * * * * * *. Thus if the maker of the note were an infant, a married woman, a lunatic, or a person under guardianship, the signature would impart no validity to it, and the bona fide holder could not recover against him, or her, however ignorant of the incapacity when he took the paper."

In the case before us the legal title was in Nora Daniels; but during coverture, in the absence of special circumstances not shown to have existed, she was without capacity to convey, whether the land be considered community or her separate estate; and the rules of equity, established for the protection of bona fide purchasers against secret or undisclosed equities, in the thing conveyed, afford purchasers from her and those claiming under them no protection against the consequences of such want of capacity though they were ignorant thereof. We are therefore of opinion that the Court of Civil Appeals erred in approving said conclusion of law and affirming the judgment of the trial court.

For the errors indicated the judgments of the trial court and Court of Civil Appeals will be reversed and the cause remanded.

*Reversed and remanded.*