BURNHAM-HANNA-MUNGER DRYGOODS COMPANY v. MRS. NANNIE TYSON CARTER.

Decided November 12, 1908.

**Married Woman—Note.**

A married woman is not liable on her promissory note given for a previous debt of her husband.

Appeal from the County Court of Bowie County. Tried below before Hon. Sam. H. Smelser.

*Webber & Webber* and *Todd & Hurley,* for appellant.—The court erred in overruling appellant's objection to the testimony of the appellee to the effect that the note sued on was signed by her in Texas, because such testimony contradicted and varied the written contract sued on, and the legal effect thereof. The note purported to have been made in Texarkana, Ark. Rose v. McCracken, 50 S. W., 153; Merrieles v. State Bank, 5 Texas Civ. App., 483; Bullard v. Thompson, 35 Texas, 319; Cox v. Bank, 100 U. S., 713; Britton v. Niccolis, 104 U. S., 704; Thompson v. Ketchum, 4 Johns., 285. Parol evidence is inadmissible to vary the time or place of payment evidenced by the written contract. Floyd v. Browner, 1 Texas App. C. C., 53; Thompson v. Ketchum, 8 Johns.,

189; Fitzhugh v. Runyan, 8 Johns., 375; Germania Bank v. Distler, 4 Hun, 633; Potter v. Fallman, 35 Barb., 182.

As the note on its face was dated in Arkansas, and therefore payable in Arkansas, the laws of Arkansas should control, and under those laws specially pleaded and proved, the plaintiff was entitled to recover. The statute laws of Arkansas provide as follows: "It shall be lawful for married women to make executory contracts and to execute letters of attorney containing a power to convey real estate as agent or attorney, which shall have the same force and effect as those made by unmarried women. Kirby's Digest, sec. 5209." Other provisions of the Arkansas law (Kirby's Digest, secs. 5214, 5217, 5219 and 5220) were pleaded and proved. Lex loci contractus controls. Merrieles v. State Bank,· 5 Texas Civ. App., 483; Life Ass'n v. Harris, 94 Texas, 34, 35. This contract is enforcible under the laws of Arkansas, the common law disability of coverture having been removed by statute. Roberts v. Wilcoxon, 36 Ark., 355; 43 Ark., 29; 47 Ark., 235; Abbott ᵥ. Jackson, 43 Ark., 216; ·Garland Co. v. Gaines, 47 Ark., 561; Hickory v. Thompson, 52 Ark., 238; Jones v. Hill, 70 Ark., 37.

Even in Texas the husband's debt, in the absence of fraud, will support a contract by the wife to assume and secure it with her separate property. Cartwright v. Hollis, 5 Texas, 161; Magee v. White, 23 Texas, 180; Hall v. Dotson, 55 Texas, 524; Petty v. Grissard, 45 Ark., 117; Goldsmith v. Lewine, 70 Ark., 516.

*Glass, Estes & King,* for appellee.

HODGES, ASSOCIATE JUSTICE.—This suit was instituted by the appellant to recover the sum of $407.88 due upon a promissory note signed by the appellee. The facts show that the consideration for the note was a previous debt due to the appellant from the husband of the appellee, and for the payment of which this note was given. The testimony also shows that the appellee at the time of the execution of the note was a married woman residing in Bowie County, Texas. We think under her plea and proof of coverture she is amply protected against any liability upon the note. There was no dispute as to those facts, and there can be no doubt as to the application of the law.

The judgment is affirmed.

*Affirmed.*