AKIN et al. v. THOMPSON et al.  (No. 8615.)

(Court of Civil Appeals of Texas. Ft. Worth. April 28, 1917.)

1. HUSBAND AND WIFE ⬤⟿85(1)—JOINT NOTE —LIABILITY.

The act of a wife, in joining with her husband in the execution of a vendor's lien note for the purchase price of land which became a part of the community estate of the makers of the note, did not create a personal liability on the part of the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 334, 336, 337.]

2. HUSBAND AND WIFE ⬤⟿57—NOTES—STATUTES—RETROACTIVE OPERATION.

Under Rev. St. 1911, p. 1719, Final Title, § 6, providing that no liability incurred prior to the time when any statute will be repealed or altered by the Revised Statutes shall be affected by such repeal or alteration, but suit for such liabilities shall be instituted and proceeded with in all respects as if such prior statute had not been repealed or altered, Vernon's Sayles' Ann. Civ. St. 1914, art. 4621, giving the wife the sole management and control of her separate property, and article 4622, relating to community property and giving wife sole control of her personal earnings, etc., and article 4624, providing that community property other than the wife's personal earnings and income from separate property shall be subject to her debts and that she shall never be the joint maker of the note of another without the joinder of her husband, can be given no retroactive effect to create a personal liability on the part of a wife who joined with her husband as maker of a note executed before the passage of such sections.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 274, 284.]

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Suit by Laura Thompson and others against Mrs. Nellie P. Akin and another. Judgment for plaintiffs, and named defendant appeals. Judgment reversed and rendered as to named defendant, and in other respects not disturbed.

Bumpass & Crumbaugh, of Terrell, for appellant. McMurray & Gettys, of Decatur, and H. E. Lobdell, of Bridgeport, for appellees.

CONNER, C. J. Mrs. Nellie P. Akin appeals from a judgment against her in favor of the appellee, Laura Thompson, executrix, upon a promissory note executed by Nellie P. Akin and her husband, W. J. Akin, reserving the vendor's lien upon certain lands therein mentioned.

[1, 2] The sole question presented is whether the judgment against Nellie P. Akin personally and authorizing execution against her separate property was correct. We think not. The note was executed by W. J. Akin and Nellie P. Akin for part of the purchase money of certain lands, which the evidence shows without doubt thus became a part of the community estate of the makers of the note. That a wife had no power to so contract prior to the act approved March 21, 1913 (General Laws 1913, p. 61; Vernon's Sayles' Texas Civil Statutes, arts. 4621, 4622, and 4624) has been so frequently determined that we need only cite a few decisions to that effect. Lynch v. Elkes, 21 Tex. 229; Trimble v. Miller, 24 Tex. 215; Farr v. Wright & Hart, 27 Tex. 96; Covington v. Burleson, 28 Tex. 368; Menard v. Snydor, 29 Tex. 257; Harris v. Williams, 44 Tex. 124; Snow v. Mather, 52 Tex. 651; Sigal v. Miller, 25 S. W. 1012. That the power did not so exist under the circumstances of this case, to be hereinafter stated, even under the act approved March 21, 1913, already referred to, has been quite recently decided by the Texarkana Court of Appeals in the case of Red. River Nat. Bank v. Ferguson, 192 S. W. 1088. We need not, however, express approval of the opinion of the Texarkana court in order to sustain our conclusions, for the reason that the note signed by appellant Nellie P. Akin, and upon which the judgment was rendered, was executed May 5, 1913, prior to the taking effect of the act approved March 21, 1913, which in no event can be given the retroactice effect of creating a personal liability on the part of Mr. Akin. See section 6, Final Title, Revised Statutes 1911, p. 1719, which reads, so far as applicable:

"That * * * no liability * * * incurred prior to the time when any statute, or part thereof, shall be repealed or altered by the Revised Statutes, shall be discharged or affected

by such repeal or alteration; but * * * suits for such * * * liabilities * * * shall be instituted and proceeded with in all respects as if such prior statute, or part thereof, had not been repealed or altered," etc.

We conclude that the court erred in rendering a personal judgment against Mrs. Nellie P. Akin, and that as to her the judgment should be reversed and here rendered in her favor; the judgment in other respects not being disturbed.