JOHNSON et al. v. HOLLAND.    (No. 2004.)

(Court of Civil Appeals of Texas.   Texarkana. June 13, 1918.)

HUSBAND AND WIFE ☞85(6)—MARRIED WOMEN'S NOTES—CONSIDERATION—HUSBAND'S ANTECEDENT DEBT.

A married woman is not liable on a note executed by her where the consideration was her husband's previous debt to the payee.

Appeal from Rusk County Court.

Action by C. E. Holland against Jim Johnson, Sr., Annie Johnson, and Jim Johnson, Jr. From a judgment for plaintiff against defendant Annie Johnson alone, said defendant appeals. Reversed and rendered as to appellant.

The suit is by the appellee on a promissory note. Jim Johnson, Jr., pleaded his minority as a defense, and Annie Johnson her coverture. Jim Johnson, Sr., pleaded non est factum.

On March 30, 1914, Annie Johnson and son Jim Johnson, Jr., signed and delivered to the plaintiff the note sued on. Jim Johnson, Jr., was under 21 years of age, and Annie Johnson was a married woman at the time of signing the note. Her husband, Jim Johnson, Sr., did not sign the note. It was proven:

"That the plaintiff was in the mercantile business at Overton, Tex., in 1912, 1913, and 1914; that Jim Johnson, Sr., Annie Johnson, Jim Johnson, Jr., and other members of the family bought goods, wares, and merchandise from the plaintiff in 1912, 1913, and up to March 30, 1914; that the goods, wares, and merchandise consisted of groceries, dry goods, clothing, feed stuffs, and shoes, and that such articles of merchandise were necessary for the family and for Annie Johnson and her children; that such items as were sold were charged to Jim Johnson, Sr., on the books kept by plaintiff; that in the month of November, 1913, this open account was in amount $187.40; that on March 30, 1914, it was for $187.40; that on March 30, 1914, Jim Johnson, Sr., was away from his wife, Annie Johnson; that Annie Johnson and her minor son Jim Johnson, Jr., on March 30, 1914,

bought a horse from the plaintiff to be used by them in the year 1914 for the purpose of making a crop, and that they agreed to pay plaintiff for this horse the sum of $75; that they also agreed to pay $100 of the old account, and that he then prepared a note for $175 to embrace $100 of the old account and $75 for the purchase price of the horse; that after this note was made out by plaintiff it was signed by Annie Johnson and Jim Johnson, Jr.; and that this is the note on which the suit is based. The consideration for the note was to cover part of the old account owing to C. E. Holland by Jim Johnson, Sr., to cover the purchase price of the horse and to cover future advances that Annie Johnson and Jim Johnson, Jr., might buy at plaintiff's store. The note should be credited with $75, the value of the horse, which the plaintiff took back."

Annie Johnson testified:

"That she and Jim Johnson were married about 20 years ago; that they were living together as husband and wife in 1912 and 1913; that in October, 1913, her husband got a job on a section gang in Houston and went there to work; that he came back in 1916; that while he was at his work in Houston he sent her $25 to $30 every month; that he at various times sent her groceries and other things; that they were not separated or divorced."

The court rendered judgment for plaintiff against Annie Johnson for the amount of the note, less $75, and that plaintiff take nothing against Jim Johnson, Sr., or Jim Johnson, Jr. The defendant Annie Johnson appeals.

Jones & Chamness, of Henderson, for appellant. H. E. Florey and C. E. Holland, both of Overton, for appellee.

LEVY, J. (after stating the facts as above). The evidence establishes the facts that Annie Johnson, the appellant, is a married woman, not separated nor divorced from her husband, and that the consideration for the note was a previous debt due to appellee by the husband of appellant. A married woman is not liable on a note executed by her where the consideration was a previous debt due the payee from her husband. Red River National Bank v. Ferguson, 192 S. W. 1088; Dry Goods Co. v. Carter, 52 Tex. Civ. App. 294, 113 S. W. 782; Bank of Tinkham, 195 S. W. 880; Akin v. Thompson, 196 S. W. 625. The appellee testified, and there is no other evidence, "that such items as were sold were charged to Jim Johnson, Sr., on the books kept by plaintiff." This in connection with the further circumstances makes the debt that of Jim Johnson, Sr. Menard v. Schneider, 48 S. W. 761; Stroter v. Brackenridge, 102 Tex. 386, 118 S. W. 634.

The judgment against Annie Johnson is reversed; and judgment is here rendered in favor of appellant, Annie Johnson, with costs of the trial courts and of appeal. The judgment in favor of Jim Johnson, Sr., and Jim Johnson, Jr., not being appealed from, will remain undisturbed.