SCHENCK et al. v. FOSTER BUILDING & REALTY CO. et al.   (No. 486.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 30, 1919.)

1. HUSBAND AND WIFE ⬥⟶156—PETITION DECLARING ON BILL OF EXCHANGE.

Petition by company against married woman and husband *held* to declare on a bill of exchange drawn by defendant wife, so that it was necessary for it to aver additional facts to show that the purpose of the contract was within the statutory exceptions to the general rule forbidding married women to contract.

2. BILLS AND NOTES ⬥⟶366—HUSBAND AND WIFE ⬥⟶85(1)—BILL OF EXCHANGE OF WIFE; INNOCENT PURCHASER.

A bill of exchange drawn by a married woman is void and unenforceable in the hands of a transferee, whether before or after maturity, irrespective of whether the transferee paid value without notice.

3. BILLS AND NOTES ⬥⟶15—CHECK AS "BILL OF EXCHANGE."

A check payable at a future date is a "bill of exchange."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Exchange.]

4. BILLS AND NOTES ⬥⟶116—CONSTRUCTION.

Negotiable instruments are contracts, and subject to the same rules of construction.

5. HUSBAND AND WIFE ⬥⟶156—NONLIABILITY OF WIFE ON BILL OF EXCHANGE.

Plaintiff suing on a married woman's check due and payable on a future day, in legal effect a bill of exchange, was not entitled to instructed verdict on evidence showing a community obligation for the benefit of husband and wife, but not a contract for the wife's separate estate or for necessaries for herself and children.

6. HUSBAND AND WIFE ⬥⟶156—NOTE OF WIFE NOT JOINED BY HUSBAND.

A note or other document executed by the wife, not joined by the husband, is a nullity.

Error from Harris County Court; W. E. Monteith, Judge.

Suit by the Foster Building & Realty Company against Mrs. S. M. Schenck and husband, wherein defendants brought in Ed Kennedy as defendant on their cross-suit. To review the judgment, defendants bring error. Reversed, in so far as against defendants, and judgment rendered. Affirmed as to defendant Kennedy.

H. E. Stephenson, of Houston, for plaintiffs in error.

Kitrell & Kitrell and F. A. Liddell, all of Houston, for defendants in error.

BROOKE, J. This is a suit instituted by the Foster Building & Realty Company, a private corporation, one of the defendants in error, in the county court at law of Harris county, Tex., on September 21, 1916, against plaintiffs in error Mrs. S. M. Schenck and her husband, F. M. Schenck, to recover upon an instrument in writing executed on the 4th day of March, 1916, by plaintiff in error Mrs. S. M. Schenck, payable on the 4th day of June, 1916, to Ed Kennedy, in the sum of $350, drawn on the Houston National Exchange Bank of Houston, Tex., and claimed by plaintiffs in error to be a bill of exchange, and by defendant in error Foster Building & Realty Company to be ·a check.

The suit was instituted primarily against plaintiff in error, Mrs. S. M. Schenck, seeking to recover a personal judgment against her and her separate estate. No amended pleadings were filed by defendant in error Foster Building & Realty Company.

On April 17, 1917, plaintiffs in error filed, with leave of court, their first amended original answer and cross-action, in which they urged: First, general demurrer; second, special exception to plaintiff's petition, in that the facts alleged therein show that the obligation is one incurred by a married woman and not enforceable under the laws of the state of Texas; third, general denial; and fourth, answer and cross-action, in which plaintiffs in error brought in defendant Ed Kennedy, who transferred the instrument declared upon to defendant in error Foster Building & Realty Company.

Plaintiffs in error alleged, in substance, that the instrument declared upon by defendants in error in their original petition was procured by fraud and misrepresentations on the part of defendant in error Ed Kennedy; that on March 4, 1916, the said Kennedy represented to plaintiff in error Mrs. S. M. Schenck that he was the owner of five shares of stock in the Richmond & Western Traction Company, worth at least the sum of $500; that if plaintiffs in error would purchase said stock, he, being president of the company, would guarantee that plaintiff in error F. M. Schenck would be given by the company a position which would pay him at least $150 per month, and entitle plaintiffs in error to a pass over the Interurban Railway to be constructed by said company from Houston to San Antonio, Tex.; that at the time said representations were made plaintiff in error Mrs. S. M. Schenck agreed to buy said stock for a fixed price of $500, $150 cash, which was then and there paid, and the sum of $350 due and payable June 4, 1916, practically three months later. It was alleged by plaintiffs in error in their cross-action that the said Mrs. S. M. Schenck was not financially able to pay for the stock on March 4, 1916, but hoped to procure the money by the time the instrument was due on June 4, 1916, and that the instrument

executed was not to be transferred, but was to be held by defendant in error Ed Kennedy; that pending the due date of said instrument plaintiff in error F. M. Schenck discovered that the stock was worthless; declined to pay same at maturity, it being then held by defendant in error Foster Building & Realty Company. Plaintiffs in error further alleged that the contract was made for their use and benefit by Mrs. S. M. Schenck, then a married woman. They also alleged coverture as a defense to said instrument as against plaintiff in the original suit, and asked that. Ed Kennedy be brought in on the cross-suit, and that plaintiffs in error recover judgment against him for the sum of $150, with interest, the amount originally paid, and that defendant in error Foster Building and Realty Company, plaintiff below, take nothing by its suit against plaintiffs in error.

Defendant in error Ed Kennedy filed a general demurrer and general denial to plaintiffs in error's cross-action, and on the facts averred that plaintiffs in error were in no way defrauded or overreached by any representations made by him at the time of the payment of the $150 aforesaid, and asked to be relieved from any liability as to the return of the $150 or otherwise.

Defendant in error Foster Building & Realty Company filed its supplemental petition, in which it demurred generally to plaintiffs in error's allegations in their cross-action, filed general denial, and on the facts averred that it became the owner of the instrument declared upon for a valuable consideration before the same was due, without the knowledge of any of the facts set up by the defendants, plaintiffs in error, in reference to their contract with the defendant in error Ed Kennedy.

The trial court overruled all demurrers and exceptions and the cause proceeded to trial before a jury. The court instructed the jury to find for defendant in error Foster Building & Realty Company on the instrument declared upon for the full amount claimed against the separate estate of Mrs. S. M. Schenck, and that plaintiff take nothing against the defendant F. M. Schenck. On the cross-action feature of the case, as between plaintiffs in error and defendant in error Ed Kennedy, the cause was submitted on special issues, and resulted favorably to plaintiffs in error on each issue submitted to the jury. Upon the findings of fact by the jury, and the instructed verdict by the court, the court entered judgment that plaintiff below, Foster Building & Realty Company, recover from plaintiff in error Mrs. S. M. Schenck the sum sued for; that execution issue against her separate estate; that plaintiffs in error, on their cross-action, recover the sum of $150, with interest, as against the defendant in error Ed Kennedy. The judgment further provided that plaintiffs in error have judgment over and against Ed Kennedy for such a sum as they may be required to pay on the judgment rendered against them in favor of the defendant in error Foster Building & Realty Company.

Within due time plaintiffs in error filed their motion for a new trial, which was heard, considered, and overruled by the court on the 5th day of May, 1917, to which action of the court plaintiffs in error excepted and gave notice of appeal, and have perfected their writ of error to this court.

We make the further additional statement of the issues and questions to be determined in this case, as follows:

The instrument declared upon by defendants in error was a contract entered into by Mrs. S. M. Schenck, then a married woman, to pay the sum of $350 to defendant in error Ed Kennedy, or order, in the event the Houston National Exchange Bank of Houston, Tex., failed on the 4th day of June, 1916, to honor her bill of exchange. In other words, it was a contract on the part of Mrs. S. M. Schenck that she would be liable to pay the sum of $350 to defendant in error Ed Kennedy or his assigns on June 4, 1916, if the bank failed to pay it.

Whether a married woman in Texas could be bound on such a contract at that time is practically the sole question involved. Defendant in error Foster Building & Realty Company instituted a plain suit upon a contract without averring any facts which would tend to show that the contract was one especially provided for by statute, such as necessities or for the improvement of the wife's separate estate. It alleged facts to indicate that Mrs. Schenck was a married woman, and nowhere controverted the issue of coverture. The law, as it existed on the 4th of March, 1916, made plaintiffs' petition subject to general demurrer, and the complaint is made that the court erred in overruling plaintiffs in error's general demurrer, and also complaint is made that the court erred in directing a verdict for defendant in error Foster Building & Realty Company against the plaintiff in error Mrs. S. M. Schenck, because the evidence unquestionably determined that the instrument was one upon which a cause of action could not be founded, under the laws of Texas.

We will group the first and second assignments of error, which are as follows:

(a) "The court erred in overruling the general demurrer urged by defendants Mrs. S. M. Schenck and husband, F. M. Schenck, because said petition shows on its face that the instrument declared on is not enforceable against defendant Mrs. S. M. Schenck, and shows no cause of action against her."

(b) "The court erred in overruling defendant's special exception to plaintiff's original petition, in that it shows on its face that the

basis of the cause of action is a contract sought to have been executed by a married woman, which she has no authority in law to make."

[1, 2] In our opinion, the facts alleged in plaintiff's petition are such as to indicate the attempted execution of a contract by a married woman, and plaintiff must aver additional facts to show that the purpose of the contract is within some of the statutory exceptions to the general rule, which forbids married women to contract generally. The petition of plaintiff, as set out in the transcript, attempts to aver a cause of action solely against Mrs. S. M. Schenck, but joins her husband, F. M. Schenck, as a matter of form. No facts are alleged that the contract sought to be enforced was for the benefit of the separate estate of the plaintiff in error Mrs. S. M. Schenck, or that it was for necessities for herself and children. No facts are stated by defendant in error which would constitute a binding obligation of a married woman in Texas, unless at the time the instrument declared upon was executed she had general powers under the law to contract. It seems that the facts averred in plaintiff's petition would show that the instrument declared upon is a bill of exchange, and is drawn by a married woman. If that be true, it is void and unenforceable in the hands of a transferee, whether before or after maturity, irrespective of whether the transferee paid value without notice, and the petition, which seeks to enforce such a claim against a married woman, in the absence of allegations showing special circumstances taking the cause of action out of the exception, is and ought to be subject to general demurrer. Fisher et al. v. Scherer, 169 S. W. 1133; Speer, Law of Marital Rights in Texas (2d Ed.) 458; Stansbury v. Nichols, 30 Tex. 145; Menard v. Sydnor, 29 Tex. 257; Haynes v. Stovall, 23 Tex. 625; Laird v. Thomas, 22 Tex. 276; McFaddin v. Crumpler, 20 Tex. 374; Trimble v. Miller, 24 Tex. 214; Taylor v. Bonnett, 38 Tex. 521; Rhodes v. Gibbs, 39 Tex. 432; Lilly v. Yeary, 152 S. W. 823; Thompson v. Morrow, 147 S. W. 706; Lemons v. Biddy, 149 S. W. 1065; Billingsly v. Swenson Land Co., 58 Tex. Civ. App. 67, 123 S. W. 195; Hall v. Decherd, 62 Tex. Civ. App. 426, 131 S. W. 1133; Epperson v. Jones, 65 Tex. 425; Smith v. Bailey, 66 Tex. 553, 1 S. W. 627; Harris v. Williams, 44 Tex. 125; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 356; Newton v. Puente, 131 S. W. 1161; Sewell v. Walton, 204 S. W. 371; Aiken v. Bank, 198 S. W. 1017; Bank v. Tinkham, 195 S. W. 880; Bank v. Ferguson, 192 S. W. 1088; Johnson v. Holland, 204 S. W. 494; Bott v. Wright, 132 S. W. 961; Blakely v. Kanaman (Sup.) 175 S. W. 674; Bank v. McWhorter, 179 S. W. 1148; Haas v. American Nat. Bank. 42 Tex. Civ. App. 167, 94 S. W. 439; Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815; 8 Corpus Juris, 40, 61, 85, 106; Elliott on Contracts, § 3397.

[3, 4] From the above authorities it seems that a check payable at a future date is a bill of exchange. Negotiable instruments are universally held to be contracts and subject to the same rules of construction. This is not a case in which funds in the bank are sought to be recovered under a check drawn against the fund, but is a suit instituted on a written instrument, which evidences the obligation which defendant in error claims to be a contract enforceable against a married woman. The cases of Haas v. Bank, 42 Tex. Civ. App. 167, 94 S. W. 439, and Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815, Harris v. Finberg, 46 Tex. 79, and Hild v. Hellman, 90 S. W. 44, support the text of Judge Speer's Law of Marital Rights in Texas (2d Ed.) 161, as follows:

"Under former statutes no presumption will be indulged to the effect that the wife is liable or her property from the mere fact that her name appears upon the instrument by which her liability is sought to be established. The presumption is to the contrary. One asserting her liability must show the particular facts, authorizing her to create such liability. It will not be presumed that because she did contract she was authorized to do so. The mere name appearing is no more than prima facie evidence that she attempted to contract; it has nothing to do with her capacity to make the particular obligation.

"Hence a bona fide purchaser of her negotiable note is in no better position than the payee. The only answer to a plea of coverture would be an allegation of capacity to make the particular contract."

It has been held by the appellate courts, as well as the Supreme Court, that no enlargement of the general contractual powers of a married woman was intended or accomplished by the act Legislature in 1913 (chapter 32 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624]), but, rather than enlarging her power to contract generally, it was restricted thereby.

The court erred in overruling defendant's special exception.

The third assignment of error is based on the alleged error of the court in holding that the plaintiff was an innocent purchaser, and entitled to recover, and in instructing a verdict against the defendant Mrs. S. M. Schenck because plaintiff was not an innocent purchaser of the instrument declared upon.

[5] The evidence shows that a married woman executed a written instrument on the 4th day of March, 1916, due and payable at a future day, to wit, June 4, 1916, which formed the basis of plaintiff's suit, and plaintiff was not entitled to an instructed verdict on evidence which showed a community obli-

gation for the benefit of the husband and wife, but not a contract for the benefit of the wife's separate estate or for necessities for herself and children.

The evidence seems to show that the instrument declared upon was executed as part payment for corporation stock in the Richmond & Western Traction Company, which was transferred by the payee in the instrument, Ed Kennedy, to defendant Mrs. S. M. Schenck and her husband, F. M. Schenck. The evidence, as found by the jury on the special issues, also shows that the instrument declared upon was procured by fraudulent representations. Under the special issues presented, the jury found that defendant in error Ed Kennedy was president of the Richmond & Western Traction Company, which proposes to construct an interurban railway from Houston to San Antonio, Tex.; that he agreed to furnish plaintiffs in error an annual pass over the road, and would see that plaintiff in error F. M. Schenck was employed by the company before the maturity of the instrument declared upon at a salary of not less than $150 per month. The jury further found that he did not intend to carry out any of the promises so made, and that Mrs. S. M. Schenck relied upon the same. The evidence unquestionably shows that the instrument declared upon was a community obligation, and executed because at the time the negotiations took place between plaintiffs in error and defendant in error Ed Kennedy, plaintiffs in error had no funds with which to pay for it. The evidence further shows that the instrument declared upon grew out of a transaction which was entered into with the hope of benefiting community interests.

[6] It has been held uniformly by all the courts of this state who have passed upon the question, that a note or other document executed by the wife, not joined by the husband, is a nullity.

Judge Rainey, in Shaw v. Proctor, 193 S. W. 1104, reviews all the authorities, and adopts it as the universal rule. Chief Judge Wilson, in Sewell v. Walton, supra, reviewing the recent authorities, says:

"It seems that the act of 1913 referred to (General Laws, p. 61), not only did not confer upon a married woman power she did not before have to contract generally as a feme sole might, * * * but deprived her of the power she did have before its passage to bind herself by a contract made by her alone for the benefit of her separate estate."

Judge Levy, also in the case of Bank v. Ferguson, supra, gives his reasons for believing that the Legislature did not intend to give a married woman power to contract generally.

We have carefully reviewed the authorities on this question, and are of opinion that the trial court was in error, as above shown. Therefore the judgment of the lower court is reversed, and judgment here rendered as to that portion of the judgment against plaintiffs in error, and affirmed as to the defendant in error Ed Kennedy.