J. FOCKE ET AL. V. M. H. STERLING ET AL.

Delivered January 13, 1898.

1. Judgment—Married Woman Failing to Plead Coverture.

A judgment against a married woman who fails to plead coverture is the same in its operation and effect as if rendered against a feme sole.

2. Same—Innocent Purchaser.

Error in rendering a judgment against a married woman will not defeat the title of a purchaser of her property at execution sale, where there was nothing in the pleadings to show that she was a married woman.

3. Deed of Married Woman.

A deed of her separate property by a married woman is void and does not confer any right upon the grantee, where it is not in conformity with the statute regulating the conveyance of the separate property of married women.

4. Homestead—Proof of Abandonment.

A finding that the owner of a homestead abandoned it before a sale thereof under execution is sustained by evidence that she executed a deed of it to another which was void because not complying with the statute, and placed the grantee in possession, and removed with her family from the county, and had not resided on the premises for eight years.

APPEAL from Trinity.   Tried below before Hon. J. M. SMITHER.

J. E. Smith, Bean & Nelms, and Stevenson & Stevenson, for appellants.

Adams & Adams, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The appellants instituted this suit in the District Court of Trinity County against M. H. Sterling and W. H. Sterling for the recovery of fifty-eight acres of land, part of the J. M. Prado league, which constituted at one time the rural homestead of the mother of defendants, Mrs. M. T. Sterling and her husband, W. G. Sterling, and was the separate property of Mrs. Sterling.   Both plaintiffs and defendants claim title from Mrs. Sterling; the latter under an alleged conveyance from their mother, and the plaintiffs under a judgment rendered for them against Mrs. Sterling by the County Court of Galveston County, on the 7th of July, 1891, and execution sale under said judgment.   Plaintiffs, before levying execution on the land, recorded their judgment in the office of the County Court of Trinity County, and had the same indexed as required by the statute.   The defendants, besides filing exceptions to the petition, and the plea of general denial, answered specially that they purchased the property before plaintiffs acquired any lien, and alleged that the judgment against Mrs. Sterling was invalid and did not authorize execution against her separate property; that Mrs. Sterling engaged in the mercantile business, and became indebted to plaintiffs for goods sold her for mercantile purposes, and that it was for the value of said goods that the plaintiffs received their judgment; that there was no sufficient service on the defendant, and the judgment was rendered by default, and that the plead-

ings do not show that the defendant was a married woman; and the answer charged that the land was sold after the expiration of the hours in which execution sales are required by the statute to be made, and after bidders had left, upon the statement of plaintiffs and their attorneys and agents that the land would not be sold, and the land was bought in by plaintiffs at a grossly inadequate price. The answer further alleged that the land was the homestead of Mrs. Sterling up to the time of the sale to defendants

Mrs. Sterling intervened in the suit without being joined by her husband, and adopted the answer of the defendants and set up her coverture at the time plaintiffs' debt was contracted by her, and at the date of the judgment rendered against her at plaintiffs' suit. The case was tried by the judge of the court, without the intervention of a jury, and Mrs. Sterling's plea of intervention was dismissed and judgment was rendered that the plaintiffs take nothing by their suit, and that the defendants be quieted in their possession.

The judge filed the following conclusions of fact and of law: "The court in his conclusions of fact found that Mrs. M. T. Sterling, being a married woman, engaged in the mercantile business in Pennington, Trinity County, Texas, and created the debt with plaintiffs for goods sold her by them to carry on said business, on which suit was brought and judgment obtained against her in the County Court of Galveston County, upon which judgment and execution sale based thereon plaintiffs purchased the land in controversy in this suit. That said tract of land had been given her by her father, William Cox, and that she had occupied the same as a homestead. That her father gave her another residence nearer her place of business, to which she, her husband, and children temporarily moved for the purpose of being more convenient to her store during the continuation of said mercantile business. That her husband was not joined with her in said suit in Galveston County; that citation was duly served upon her alone in said suit, and judgment by default was recovered against her for the amount of said claim; that after the death of her mother she and her family abandoned said last named residence and lived with her father until his death, in the year 1891, and having been broken up in business she moved to Cherokee County, and before or about the time of her removal, being indebted to the defendants, M. H. and W. H. Sterling, in the sum of $1000 given them by their father, and placed in her hands to keep for them, and which had been used by her in paying debts due by her in said mercantile business, for the purpose of reimbursing her said sons as much as she could, attempted to execute a deed to them; said deed, however, was only executed and acknowledged by herself, and then not properly, and not jointly by herself and husband. That immediately after the sale, and said attempt to make a deed to same, said defendants went into possession of said premises, and have held the same ever since."

"Conclusions of the Law.—The judgment rendered in Galveston County was void.

"The execution sale and purchase by plaintiffs conveyed no title to them.

"The premises were the homestead of M. T. Sterling.

"That while the deed from M. T. Sterling to defendants was a nullity, yet the receiving of and taking possession of said premises by said Sterlings in satisfaction or part satisfaction of a debt due them by M. T. Sterling for moneys of theirs in her hands and used by her, would entitle them to have a judgment removing cloud from and quieting their title and possession in said premises."

From the facts found by the court, we think the judgment should have been for the plaintiffs, and not for the defendants.

The court finds that Mrs. Sterling moved from Trinity County to Cherokee County, and that about the time of her removal the defendants took possession of the place in controversy, and their mother undertook to convey the premises to them, in part payment of money of theirs which she had used in payment of her debts. The court also finds that Mrs. Sterling was duly cited to appear and answer the plaintiffs' suit in Galveston County Court, and failing to do so, judgment by default was rendered against her. The court concludes, as a matter of law, that the judgment rendered for plaintiffs against Mrs. Sterling is a nullity, and consequently can not support plaintiffs' claim of title; and the court further concludes, that while the deed from Mrs. Sterling to the defendants did not convey title from her to them, yet as she had used their money left them by her father, and as they are in possession of the premises, they are entitled to a judgment removing cloud from the title, and quieting them in their possession. In both of these conclusions we think the court is in error. If a married woman, when sued, fails to plead coverture, and suffers judgment to be taken against her, the judgment in its operation and effect is the same as if rendered against a feme sole. There was nothing in the pleadings of the suit to apprise the court that the defendant was a married woman. The judgment was rendered by a court of competent jurisdiction; and even if there was error in rendering the judgment against Mrs. Sterling, such error will not avail the defendants in this suit to defeat plaintiffs' claim to the land under the execution sale. The deed from Mrs. Sterling to the defendants, being not in conformity with the statute regulating the conveyance of the separate property of married women, was null and void; and consequently could confer no right upon the defendants; and they could not recover at law or in equity from Mrs. Sterling; and such being the case, the property was subject to sale under execution, if, as alleged by plaintiffs, it had ceased to be the homestead of Mrs. Sterling. That the place had been abandoned as a homestead before the levy of the execution upon it is manifest from the record. There is evidence tending to show an abandonment of the premises as her homestead by Mrs. Sterling long before her attempted sale to the defendants; but we need not consider it. Placing defendants in possession of the premises, and deliv-

ering to them an instrument intended as a conveyance of the title, and the removal of Mrs. Sterling and her family from Trinity County to Cherokee County, is ample evidence to show that the homestead had been abandoned before the levy of the execution and sale of the property. Mrs. Sterling had not resided on the premises since 1884. She attempted to convey the land to the defendants on April 1, 1891, and she removed to Cherokee County about March, 1892. Plaintiffs' execution was levied in February, and the property sold by the sheriff the first Tuesday in March, 1892. The judgment of the lower court is reversed, and judgment will be here rendered for the plaintiffs.        .

*Reversed and rendered.*