CARSON & FOLEY V. EMMA TAYLOR ET AL.

Delivered June 9, 1898.

**1. Judgment Against Married Woman—Collateral Attack.**

A judgment against a married woman can not be inquired into collaterally, and attacked upon the ground that the facts did not, under the law as to her exemption, warrant the judgment against her, but it can only be set aside for such error in a direct proceeding.

**2. Same—Directing Levy of Execution.**

A judgment against a husband and wife need not contain a special direction that execution issue against the separate property of the wife, in order to support an execution against her separate property, as the statute does not require this. Rev. Stats., art. 2971.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*O. T. Holt,* for appellants.

*Burke, Griggs & Co.,* for appellees.

GARRETT, CHIEF JUSTICE.—On April 29, 1895, Carson & Foley, appellants, recovered a judgment in a justice court in Harris County against the appellees, George F. Taylor and his wife Emma Taylor, for the sum of $156.07. An execution was issued on the judgment within twelve months, and a pluries execution was issued thereon and levied upon the land described in the petition, which was the separate property of the wife Emma Taylor. Joined by her husband, the wife brought this suit to enjoin the sale of the land, because, as she alleged in the petition, the judgment upon which the execution was issued was obtained on an account for goods for which she was not liable, and was obtained through the fraud of the plaintiffs. The injunction was applied for more

than one year after the rendition of the judgment, and there was nothing to bring it within any exception contained in article 2991 of the Revised Statutes. The district judge granted a preliminary injunction restraining the sale, and on final hearing it was perpetuated. Upon the trial the court heard evidence to show that the account was for goods furnished to the husband, George F. Taylor, in the conduct of his business as a retail merchant, and was not for necessaries furnished the wife in any way to render her separate estate liable. The admission of this evidence, as well as the action of the court in the overruling of exceptions to the petition, have been assigned as error. According to the rule of law in this State, a judgment against a married woman can not be inquired into collaterally and can only be set aside for error in a direct proceeding. Howard v. North, 5 Texas, 290; Nichols v. Dibrell, 61 Texas, 541; Cayce v. Powell, 20 Texas, 767. It is as binding against her as it would be against any other person who was sui juris. In support of the judgment of the court below, however, the appellee relies upon the fact that the judgment in the justice court did not direct execution against the wife's separate property. She contends that by article 2971 of the Revised Statutes, in order to bind the separate estate of the wife, the judgment of the court should direct execution to be levied upon her separate property. The judgment of the justice court, upon which the execution sought to be enjoined was sued out, was rendered against George F. Taylor and his wife Emma Taylor, and contained no other direction as to execution than the usual one, "for which let execution issue." It is contended that the form of the judgment makes it a judgment only against the community estate of the husband and wife, while the land levied upon, and the sale of which was threatened, was the separate estate of Mrs. Taylor.

We are of the opinion that the judgment against George F. Taylor and wife, Emma Taylor, supports the execution against the separate property of the wife, Emma Taylor. Howard v. North, supra. The case of Taylor v. Stephens, 42 Southwestern Reporter, 1048, cited by the appellee in support of the position contended for, does not decide the question, for in that case the execution was sustained, but the court expressed the opinion that article 2971 of the Revised Statutes, providing for judgment and execution against the separate property of a married woman, requires that a judgment against a married woman should direct that execution be levied upon her separate property in order to support a levy upon such property; that a general direction that execution issue makes the judgment no more than a judgment against the community. We can not agree to this. Regarding the conclusive nature of a judgment against a married woman, and that the effect thereof is to shut off any inquiry back of it, there can be no means of information as to what the nature of the claim is upon which it is rendered. The Revised Statutes, article 2971, in making provision for the rendition of judgment against the wife, is where necessaries have been furnished to herself or children, or where expenses have been incurred by her for the benefit of her separate property, and if there be anything in the contention of appellee, it could only

be that in such case would it be necessary to provide that execution should be levied upon the separate property of the wife. Other judgments, such as for torts of the wife or for liabilities incurred before marriage, would not require any such recital. When a person therefore should be about to buy land at an execution sale against the wife, he would be required to go into an inquiry as to the cause of action upon which the judgment was rendered. From the conclusive nature of the judgment, we do not think that this would be required, nor that the statute should receive the construction contended for. The liability of the wife is made personal and general, and depends on facts which are concluded by the judgment. If, as in some jurisdictions, the statute required a proceeding in rem against specific property belonging to her, as in Alabama, the case would be different. See Lee v. Ryall, 68 Ala., 354, cited in Taylor v. Stephens, supra.

We are of the opinion that the judgment authorized the execution against the separate estate of Mrs. Taylor. We therefore reverse the judgment of the court below, and here render judgment in favor of the appellants, dissolving the injunction and dismissing the petition.

*Reversed and rendered.*