J. S. Smith et al. v. R. W. Ridley.

Decided October 18, 1902.

**1.—Judgment—Justice Court—Collateral Attack—Presumptions.**

In a collateral attack upon the judgment of a justice court all intendments are in favor of its jurisdiction, exercised within its constitutional limits, and in the absence of the judgment showing on its face to the contrary, the presumption must be indulged that such facts existed as authorized the judgment.

**2.—Same—Married Woman—Separate Property.**

It is not necessary, in order to authorize the levy of an execution upon the separate property of a married woman, that the judgment rendered against her should, in specific terms, state that her separate property was subject to its payment.

**3.—Same—Amount in Justice Court—Interest.**

Where the principal of the note sued on in justice court was $200, it was immaterial that the judgment, including accrued interest, was for $390, and that the judgment, rendered in 1874, bore interest at 3 per cent per month, where the rate so allowed was not usurious at the time the contract was made.

**4.—Same—Presumption of Regularity.**

Nothing appearing on the face of the judgment to the contrary, it will be presumed that it was rendered at a regular term of the justice court.

**5.—Same—Judgment by Confession—Waiver—Affidavit.**

Where the judgment shows that service of citation was waived, and that it was entered upon a confession of judgment by the defendants, it is valid, although there was no affidavit by plaintiff to the justness of the claim.

Appeal from the District Court of Hunt County. Tried below before Hon. H. C. Connor.

*T. D. Montrose* and *William Pierson,* for appellants.

*R. L. Porter* and *Sam D. Stinson,* for appellee.

RAINEY, Chief Justice.—This is an action of trespass to try title brought by appellants against appellee. Judgment was rendered for appellee and appellants prosecute this appeal. There is no material

conflict in the testimony, and we conclude that the evidence is sufficient to support the judgment.

The rights of the parties depend upon the validity of the following judgment, and sale of the land in controversy thereunder, viz:

"J. C. O'Neal v. Tom G. Smith, S. Z. Smith. No. 64. Justice Court, Precinct No. 4, Hunt County, Texas.

. "Suit pending in justice court, precinct No. 4, Hunt County, Texas, instituted for the recovery of the sum of two hundred dollars due upon promissory note, bearing date June 17, 1874, with interest accrued thereon. Personally appeared before me, A. H. Hefner, a justice of the peace for the county of Hunt, Tom G. Smith and his wife S. Z. Smith, who, waiving the right under the law of service by citation and all other irregularities connected therewith, acknowledged and confessed that judgment should go against them for the sums named in the above entitled cause.

"It is therefore ordered, adjudged and decreed that the plaintiff, the said J. C. O'Neal, do have and recover of the defendants, the said Tom G. Smith and S. Z. Smith, the sum of two hundred dollars principal, and one hundred and ninety dollars interest to date, making three hundred and ninety dollars principal and interest, with interest thereon at the rate of three per cent per month from the date of this judgment, together with all costs of suit in this behalf expended, for which he may have his execution; and it is further ordered that execution for the use of officers of this court issue against each of the parties respectively for costs of suit.

"Given under my hand this 10th day of February, 1877.

(Signed) "A. H. Hefner, J. P."

Said judgment was stayed in accordance with the then existing laws. Execution was issued by virtue of said judgment and levied on the land in controversy, which was sold thereunder, and appellee holds by virtue of same. At the time of levy the land was the separate property of Mrs. S. Z. Smith. The appellants are her heirs, and if the said judgment is valid, then they have no case.

The contention of appellant is, first: "Said judgment is illegal and void as against said S. Z. Smith and against the appellants, her only surviving heirs, for the judgment on its face shows that she was the wife of Tom G. Smith at the time it was rendered, and does not show that the debt for which it was rendered was contracted by her for necessaries furnished herself or children, or for expenses incurred by her for the benefit of her separate property furnished at her request, nor does said judgment subject her separate property to the payment of the same, as the law requires." All intendments must be indulged in favor of the jurisdiction of a justice court exercised within the limits of the powers granted by the Constitution. Williams v. Ball, 52 Texas, 603. Said court had power to render judgment

against Mrs. S. Z. Smith, though a married woman at the time, and in a collateral attack, in the absence of the judgment showing on its face to the contrary, the presumption must be indulged that such facts existed as authorized the rendition of the judgment. It was not necessary that the judgment should in specific terms state that her separate property was subject to the payment of the same. Walters v. Cantrell, 66 S. W. Rep., 790.

The second contention is: "That said judgment is void, for it is shown on the face thereof to have been rendered for an amount largely in excess of the indebtedness, and for more than the jurisdiction of the court, the same being for more than two hundred dollars and legal interest, as appears from said judgment, and is rendered so as to draw interest from the date of said judgment for an amount largely in excess of what is called for in the obligation sued on, and is usurious." We see no merit in this contention. The justice court had jurisdiction of the principal, $200, and the presumption must be indulged that the rate of interest allowed was named in the contract, which was legal at the time the contract was entered into.

The third contention is: "The judgment is void, for it does not appear therefrom that it was rendered at any regular term of the court, nor by any court, nor when the first process was issued and returnable, and the nature thereof, nor the time when the parties or either of them appeared before the court, either with or without citation, nor does it state when the trial was had, nor whether the same was by jury, or by the court, nor the time of rendering said judgment." The presumption must be indulged in favor of the regularity of the judgment as to the matters here urged.

The fourth contention is: "Because said judgment is void for the reason, as appears therefrom, it was rendered without the issuance or service of process, and was an attempted confession of judgment without the affidavit of plaintiff therein made and signed by him or his attorney in writing to the justness of the claim as the law required." The judgment shows that the service of citation was waived. In such a case the confession of judgment without the affidavit of the plaintiff to the justness of the claim does not invalidate the judgment. Flanagan v. Bruner, 10 Texas, 257; Gerald v. Burthee, 29 Texas, 203; Chesnut v. Pollard, 77 Texas, 86.

What we have heretofore said disposes also of the objection to the admission in evidence of the execution issued by virtue of said judgment on the ground of invalidity of the judgment. The alias execution being lost, it was not error to permit parol evidence of its contents.

The judgment and the sale of the land thereunder being valid, Mrs. Smith was divested of the title, and her heirs have no legitimate claim thereto, and judgment was properly rendered for appellee. The judgment is therefore affirmed.

*Affirmed.*