RED RIVER NAT. BANK v. FERGUSON et al. (No. 1664.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 18, 1917. Rehearing Denied Feb. 15, 1917.)

1. HUSBAND AND WIFE ☞85(3) — WIFE'S JOINT NOTE—LIABILITY.

Under the common law a married woman was not bound by a promissory note executed by her jointly with her husband, but it was the note alone of the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 334, 339.]

2. HUSBAND AND WIFE ☞87(3) — WIFE'S SURETYSHIP FOR HUSBAND—STATUTE.

Under Rev. St. 1911, art. 4624, as amended by Acts 33d Leg. c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4624), providing that a wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband in such contract, the wife cannot become surety for her husband's debt or obligation; as the requirement that the husband must join with her refers to the obligation of some person other than the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 348, 350, 798.]

3. HUSBAND AND WIFE ☞85(1) — WIFE'S CONTRACTS—JOINT NOTE WITH HUSBAND—STATUTE.

Under Rev. St. 1911, art. 4624, as amended by Acts 33d Leg. c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4624), providing that a wife shall never be the joint maker of a note, a wife is not authorized to become a comaker or co-principal with her husband on his note.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 334, 336, 337.]

4. BILLS AND NOTES ☞121—JOINT OBLIGORS —SURETY.

Joint obligors on a note are, as between themselves, each sureties for the payment of the shares of the others.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 255, 256.]

5. HUSBAND AND WIFE ☞85(1) — WIFE'S CONTRACTS—JOINT NOTE WITH HUSBAND—STATUTE.

Under Rev. St. 1911, art. 4621, as amended by Acts 33d Leg. c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4621), giving the wife the sole management, control, and disposition of her separate property, article 4622 (article 4622), relating to community property, and providing that the wife's personal earnings, rents from her realty, interest on her bonds, note, and dividends on stock shall be under her sole control, and article 4624, providing that community property other than wife's personal earnings and income from separate property shall be subject to her debts, and that she shall never be joint maker of note of another without joinder of her husband in the contract, and in view of Acts 32d Leg. c. 52 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4629a to 4629d), enacted after the revision of that year, removing the disabilities of coverture · for certain purposes and conferring upon married women whose disabilities had been removed the rights of a feme sole, a married woman cannot become a joint maker with her husband in his note.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 334, 336, 337.]

6. STATUTES ☞217 — CONSTRUCTION — LEGISLATIVE JOURNALS.

The construction of a statute may be aided by reference to the legislative journals.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 293.]

Appeal from District Court, Red River County; W. F. Moore, Special Judge.

Suit by the Red River National Bank against J. E. Ferguson, Bessie Ferguson, and the sureties on their note. Judgment for plaintiff against J. E. Ferguson and the sureties, and that plaintiff take nothing against defendant Bessie E. Ferguson, and plaintiff appeals. Affirmed.

The appellant, Red River National Bank, brought the suit in the district court against J. E. Ferguson, Bessie Ferguson, Dave Watson, and A. L. Robbins upon a promissory note payable to appellant. J. E. Ferguson made no answer to the suit. Bessie E. Ferguson answered by general denial and by plea of coverture, averring that the note was not given for an indebtedness or obligation incurred by her or for or on account of her separate estate. Dave Watson and A. L. Robbins each answered and pleaded suretyship for their codefendants J. E. and Bessie E. Ferguson. The plaintiff replied to Bessie E. Ferguson's plea of coverture, admitting that at the time of the execution of the note she was a married woman and the wife or J. E.· Ferguson, but averred that the note

was made and delivered to the use and benefit of the community estate of herself and husband, and that both received and derived a common and mutual benefit therefrom, and that in making and executing the written obligation she joined by and she joined with her husband J. E. Ferguson, and that by reason thereof both J. E. Ferguson and Bessie E. Ferguson are jointly and severally liable for the amount of the note, and that the separate property of Bessie E. Ferguson over and above exemption of law is liable for the debt. By supplemental answer Bessie E. Ferguson averred that the indebtedness for which the note was given was not incurred by her, but "was incurred by J. E. Ferguson in conducting a farming business."

The case was tried before the court without a jury. The court entered judgment in favor of the plaintiff against J. E. Ferguson as principal and Dave Watson and A. L. Robbins as sureties for the amount of the note, principal, interest, and attorney's fees, and that the plaintiff take nothing against Mrs. Bessie E. Ferguson. The following are the findings of fact and conclusions of law of the trial court:

### "(1) Findings of Fact.

"(a) I find that the note sued on in this case was dated February 21, 1914, due November 1, 1914, and in the principal sum of $1,923, and bears interest at 10 per cent. per annum from date until paid, and provides for the payment of 10 per cent. attorney's fees if collected by law, and is owned by plaintiff.

"(b) That said note was signed by defendants J. E. Ferguson and Bessie E. Ferguson as principals, and by defendants Dave Watson and A. L. Robbins as sureties.

"(c) That at the date of the signing said note said Bessie E. Ferguson was a married woman, and that she and the said J. E. Ferguson were then, and are now, husband and wife.

"(d) That said note was not signed by said Bessie E. Ferguson by reason of any debt contracted by her for necessaries furnished herself or children, or on account of any expense incurred by her from the benefit of her separate estate, or on account of any obligation incurred by her in the management by her of her separate estate.

### "(2) Conclusions of Law.

"I conclude as matter of law that notwithstanding the so-called Married Woman's Act passed by the Thirty-Third Legislature was in effect at the time of the signing this note, the said Bessie E. Ferguson under the facts proved is not liable thereon, and that as to her the plaintiff should take nothing, but is entitled to judgment against defendants J. E. Ferguson as principal and defendants Dave Watson and A. L. Robbins as sureties for the amount of said note, principal, interest, and attorney's fees."

In view of the finding of the court, and in the light of the pleadings, it would appear as a fact that the indebtedness for which the note was executed was a community debt incurred by the husband, J. E. Ferguson. It does not appear in the record by pleading or evidence that Mrs. Bessie E. Ferguson has by any decree of the district court declared a feme sole for mercantile

and trading purposes, as provided by article 4629d of Vernon's Sayles' Statutes.

The appellant appeals from the judgment in favor of Mrs. Bessie E. Ferguson.

Mahaffey, Keeney & Dalby, of Texarkana, and J. R. Kennedy, of Clarksville, for appellant. Burdett, Connor & Dailey, of Paris, for appellees.

LEVY, J. (after stating the facts as above). The note sued upon is, so the trial court held, in virtue of the facts, the note alone of the husband in legal effect, and the wife is not bound by it. And the proposition maintained by the appellant is that a married woman, under the present statute, can execute and is legally bound by a promissory note signed by her jointly with her husband.

[1] Under the common law a married woman is not bound by a promissory note executed by her jointly with her husband. It is the note alone of the husband. And it is the ruling of the court in this state that article 4624 before amendment did not authorize a married woman to contract a debt except for necessaries for herself or children, or for the benefit of her separate property. Trimble v. Miller, 24 Tex. 215; Covington v. Burleson, 28 Tex. 371; Rhodes v. Gibbs, 39 Tex. 441; and others.

[2, 3] Therefore, if the wife has any enlarged power to bind herself personally by a simple note, it would be so because such power of personal contract is conferred upon her by the Act of 1913 (p. 61) amendatory of articles 4621, 4622, and 4624, R. S. of 1911. As amended article 4624 reads:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children: Provided, the wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

[4] By the language of the proviso authority is not positively given or reserved to the wife to generally bind herself by personal contract, but she is negatively debarred from doing the things therein mentioned, except in the way provided. And, being expressly debarred from contracting except in the way provided respecting the things mentioned in the proviso, the wife cannot go beyond the powers so conferred upon her, nor outside the way and purposes authorized by the proviso in the article. The wife "shall never be," as the proviso says, (1) "the joint maker of a note" or (2) "a surety upon the bond or obligation of another" without the joinder of her husband with her in making "such contract." As the wife is authorized, by implication, only to become surety on the "obligation of another" by "the joinder of her husband with her in making such contract," the authority of the wife to become surety

for the husband's debt or obligation would not be within the terms of the proviso; for the surety contract for the obligation of "another" that the husband must assent to the wife's making, and which he must join with her in making, clearly intends to refer and apply to the obligation of some person other than the husband. And neither was it intended by the language of the proviso, we conclude, to authorize the wife to become a comaker or coprincipal with her husband in his note; for joint obligors on a note are, as between themselves, each sureties for the payment of the shares of the others. 1 Brandt on Suretyship (3d Ed.). § 48. And where the wife and husband merely conjointly sign the husband's note, the undertaking of the wife is in legal effect that of a surety for her husband, which is not within the spirit or purpose of the proviso.

[5, 6] Since the terms of the proviso being considered do not extend and have application to the note here sued upon, the authority of the wife to become a comaker with her husband in his note must be determined by a consideration of the amendatory act; for, if a wife is empowered by the amendatory act, considered as a whole, to contract generally as if she were unmarried, then she may make the contract sued upon. As amended, article 4621 defines the separate property of the husband and wife. The rights of the wife in respect to separate property are placed upon the basis and to the extent of—

"the sole management, control and disposition of her separate property, both real and personal: Provided, however, the joinder of the husband in the manner now provided by law for conveyance of the separate real estate of the wife shall be necessary to an incumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this act."

Article 4622 defines the common or community property of the husband and wife. As to such community property it is provided that it—

"during coverture may be disposed of by the husband only: Provided, however, the personal earnings of the wife, the rents from the wife's real estate, the interest on bonds and notes belonging to her and dividends on stocks owned by her shall be under the control, management and disposition of the wife alone, subject to the provisions of article 4621, as herein above written."

And article 4624 has been set out above. By these articles there is clearly conferred upon the wife the authority of management, control, and disposition, with certain limitations, of her separate property. But the phraseology of the entire amending act does not point out nor in words undertake to give to a married woman the right generally to make personal contracts, in distinguishment between contracts of conveyance or disposition of her separate property. And the language necessary to create and give to a married woman the power generally to bind herself personally as if a feme sole is not within the terms and scope of the amending act. Such debts as shall be for the benefit of her separate estate is sense in which the words "debts contracted by the wife," as found by the act, were intended to be used. And the act does not provide for the wife's liability on contracts not for her benefit. So, in the absence of a provision to that effect in the amending act, the amending act may not, it is concluded, be construed as of itself intending to entirely do away with the disabilities of coverture and confer full contractual capacity on married women. The act is rendered clearer by a reference to the legislative journals. 2 Lewis' Sutherland on Stat. Const. (Ed. 1904) § 471; Black on Interpretation of Laws (Ed. 1896) p. 224; United States v. Railway Co., 91 U. S. 72, 23 L. Ed. 224; Aldridge v. Williams (U. S.) 3 How. 9, 11 L. Ed. 469. As the bill was originally passed (House Journal, p. 1156), article 4624 provided:

"The wife may make any contract which she would be authorized to make but for her marriage, except those herein or elsewhere forbidden, and her coverture shall never be a defense in any suit or action based on such contract, but suits may be brought thereon in the manner prescribed by articles 1840 and 1841: Provided, however, that neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payments of debts contracted by the wife, except those contracted for necessaries furnished her or her children: Provided, the wife shall never be a joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

But a concurrent resolution recalled the bill from the Governor. Id. pp. 1254, 1351. And the bill as finally passed is in its present form. Id. p. 1387. It will thus be seen that all that portion of article 4624 in the original bill which expressly removed the disability of coverture was left out, and the proviso which limited or restricted the right to make certain contracts was retained. If the Legislature had intended to remove any of the disabilities of coverture theretofore existing it is not likely that it would have deliberately dropped from the bill language expressive of that intent and retained that portion which could operate to qualify or restrict the new rights theretofore granted. If we confine our consideration to the law as amended in 1913, this proviso in article 4624 is meaningless and would seemingly have no place in the statute relating to married women. If it is to be regarded as a limitation upon the right of a married woman to make contracts, it presupposes the existence of a right which may be thus limited. It must have something to which it can apply. The failure to discover in the amended article or any other provision of the law any right upon which it could operate as a limitation has apparently authorized the inference that it

was intended as constructive legislation and designed as an indirect method of conferring the right to certain kinds of contracts. That inference rests entirely upon the ground that unless so considered the proviso is meaningless. But we are not reduced to that choice; for the act of 1911 (Acts 32d Leg. c. 52 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 4629a to 4629d]) enacted after the codification of that year as a separate statute provided for the removal of the disabilities of coverture, for certain purposes, and conferred upon married women whose disabilities had been removed the rights of a feme sole. As such she might make any character of contracts binding herself personally, except those conveying property. This was a part of the existing law at the time article 4624 was amended, and we must assume that the Legislature had it in mind. Here was a right to contract upon which the limitation in the proviso in article 4624 could operate. A married woman now emancipated from the disabilities of coverture by complying with the provisions of the act of 1911 would unquestionably be subject to that restriction, and cannot now claim the right to make the joint contracts referred to in article 4624 without the joinder of her husband. It is not therefore necessary to give meaning to the proviso that it be construed as indirectly conferring a right upon married women to make such contracts.

It is believed that the trial court did not err in his ruling upon the facts of this case, and therefore the judgment should be affirmed.

It is so ordered.