AKIN et al. v. FIRST NAT. BANK OF BRIDGEPORT et al. (No. 8587.)

(Court of Civil Appeals of Texas. Ft. Worth. March 31, 1917. On Motion for Rehearing, April 28, 1917.)

1. HUSBAND AND WIFE ⬡⟲238(7)—JUDGMENT —COLLATERAL ATTACK—EVIDENCE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4621, providing that all the property of a wife owned or claimed before marriage and acquired afterwards by gift, devise, or descent shall be the separate property of the wife and subject to her sole management, etc., and article 4622, in relation to community property, and article 4624, providing that neither the separate property of the husband nor the community property other than personal earnings of the wife and income from her separate property shall be subject to payment of debts contracted by the wife except those contracted for necessaries furnished her or her children, on a collateral attack on judgment against husband and wife, proof aliunde the judgment is inadmissible to show that the judgment was not based on a contract for necessaries for the wife or her children, or for the benefit of her separate estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 862.]

2. HUSBAND AND WIFE ⬡⟲238(7)—JUDGMENT —COLLATERAL ATTACK—EVIDENCE.

A default judgment against a married woman is not open to collateral attack, except as to some irregularity or defect disclosed on the face of the record in the original case, and is merely voidable, even in a direct action to set it aside.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 862.]

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Suit for injunction by Nellie P. Akin and others against the First National Bank of Bridgeport and another. From a judgment dissolving a temporary injunction, the plaintiffs appeal. Affirmed.

---

. ⬡⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tex.)                    AKIN v. FIRST NAT. BANK                    611

Bumpass & Crumbaugh, of Terrell, for appellants. McMurray & Gettys, of Decatur, for appellees.

BUCK, J. This is an appeal from a judgment and order of the district court of Wise county, dissolving a temporary injunction theretofore granted, which temporary injunction restrained the First National Bank of Bridgeport, Tex., and the sheriff of Wise county, from selling certain lands, other than the lands covered by a mortgage hereinafter mentioned, alleged to be the separate property of Mrs. Akin, in satisfaction of a certain judgment theretofore secured by the bank against Mr. and Mrs. Akin on a note to the bank signed by both Mr. and Mrs. Akin. The court has filed his findings of fact and conclusions of law, which findings of fact are not assailed by appellants and are adopted by us, and are as follows:

1. "I find that on the 16th day of November, 1915, First National Bank of Bridgeport filed suit in the district court of Wise county, Texas, in cause No. 3987 on the docket of said court against W. J. Akin and wife, Nellie P. Akin [the petition did not disclose the coverture of Mrs. Akin], seeking judgment against said defendants on certain note dated 2d day of December, 1914, given by them and secured by deed of trust on certain lands, and seeking a personal judgment against both defendants as makers of said note and to foreclose the lien of said deed of trust on said land. That both of defendants were served and both made default. That said Akins were husband and wife when said note was executed and the judgment thereon rendered. That on or about the 3d day of January, 1916, said plaintiff took a default judgment against both of the defendants for the sum of $561.45 and cost of suit and foreclosure of said lien. Said judgment describing a recovery in general terms in said amount against both defendants in that suit and awarding execution generally against them both."

2. "That on or about the 7th day of March, 1916, said plaintiff caused an execution to be issued out of this court on said above-described judgment, and caused the same to be placed in the hands of defendant J. Lee Mann as the sheriff of Wise county, Texas, who levied said execution upon the following lands and property, to wit: Lots Nos. 14 and 15 in block No. 71, and also the following tract, a part of the J. M. Kirman survey in Wise county, Texas, beginning at the southwest corner of said Kirkman survey, thence north 587½ varas; thence east 970 varas to the west boundary line of the R. Coleman survey a corner in what is known as Round Lake; thence south with said line 587½ varas to the most southern southeast corner of said J. M. Kirkman survey; thence west 970 varas to the place of beginning, containing 103 acres of land. The court further finds that said sheriff was about to levy upon lots Nos. 12 and 13 in block No. 71, First addition to the city of Bridgeport, Wise county, Texas."

3. "The court further finds that all the above-described property was the separate property of the plaintiff Mrs. Nellie P. Akin, bought and paid for out of the separate funds of the said Mrs. Akin."

4. "The court further finds that the evidence fails to show that lots Nos. 14 and 15 in block No. 71 in the town of Bridgeport, Wise county, Texas, was the homestead of plaintiffs when said execution was levied."

5. "The court further finds that the evidence shows that the note to the First National Bank of Bridgeport, and which was sued on in cause No. 3987, First National Bank of Bridgeport v. W. J. Akin and Nellie Akin, was signed by both said parties defendants."

The court's conclusions of law are as follows:

1. "The court concludes that the note named in paragraph 1 of above findings of fact, having been executed by both the husband and wife after the law relating to contracts of married women was amended, binds the wife personally and supports personal judgment against her and authorizes execution and levy on her separate property."

2. "That if mistaken in this, the said judgment general in terms and awarding execution authorizes the levy of execution issued on such judgment on the separate property of Mrs. Akin, one of the defendants against whom said judgment was rendered."

3. "I conclude that the temporary injunction ought to be dissolved in whole, and the judgment is rendered accordingly."

[1, 2] It has been repeatedly held, under the law as it existed prior to the amendment, by the Thirty-Third Legislature, 1913, of articles now numbered 4621, 4622, and 4624, Vernon's Sayles' Texas Civil Statutes, that, under a collateral attack, proof aliunde the judgment was inadmissible to show that the judgment against husband and wife was not based upon a debt contracted for necessaries for the wife or her children, or for the benefit of her separate estate. Carson v. Taylor, 19 Tex. Civ. App. 177, 47 S. W. 395, writ denied; Walters v. Cantrell, 66 S. W. 790; Smith v. Ridley, 30 Tex. Civ. App. 158, 70 S. W. 235. We are of the opinion that under the present statute the rule has not been changed. Furthermore, it will be noted that the judgment on the note was by default, and in a proceeding of this character the door of inquiry is closed except as to some irregularity or defect disclosed on the face of the record in the original case. Speer's Law of Marital Rights in Texas, §§ 500 and 504. As noted by us in brackets, in the first paragraph of the court's findings, the petition of the plaintiff bank in the original suit did not disclose the coverture of Mrs. Akin, and there is nothing in that record to show that she was a married woman. We all agree that for these reasons the court did not err in dissolving the injunction. As the judgment can be sustained on that ground, the majority decline to decide the question whether or not it can also be sustained on the first ground stated by the trial judge in his conclusions of law, as the decision of that question is unnecessary. The writer is of the opinion that the first ground assigned by the trial court is sound. Judge Speer, in his Law of Marital Rights in Texas, § 148, in discussing this amendment, says:

"When it is considered that the old law, with its well-recognized limitations upon the right of a wife to contract, is, for that reason, considered by the lawmakers to be unjust, and the declared object, as expressed in the caption of the bill, is to confer upon the wife the power to make contracts, the purpose to remove the unjust restrictions and to enlarge the contract capacity of married women is apparent,

and the act in pursuance of such purpose should be liberally construed with a view of accomplishing the end desired. Generally speaking, under the old law a wife could not contract. This was considered to be, as it was, unjust. It is just that wives should be allowed to contract, and the whole purpose of the act upon this point is to empower them to do so, except as they are forbidden in the act itself.

"It is to be observed the language of the amending article is radically different from that of the amended. The old article specially authorized the wife to contract certain liabilities, which by a well-known rule of construction forbade any other. The new article forbids her making a contract of joint liability on a note or of suretyship on any bond or obligation of another, without the joinder of her husband with her in making such contract, and by the same well-known rule of construction necessarily authorizes her to make any other contract. In other words, the change wrought is that where the power to contract was originally denied generally, but authorized specially, it is now denied specially and authorized generally. Under the terms of the present law a married woman can make any contract an unmarried woman can make, with the sole exceptions named in the statute. This view is supported and rendered well nigh conclusive by the painstaking reservation in the amending article that 'neither the separate property of the husband nor the community other than the personal earnings of the wife, and the income, rents, and revenues from her separate property shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries for herself or her children.' The old article, which had always been held to restrict her right to contract, has been repealed, and another substituted, exempting certain property from liability for her contracts, and forbidding her specially to make a certain class of contracts without the joinder of her husband. From the history of the legislation, the consideration of the well-known and expressed evil intended to be remedied, and the general language of the bill, with its limitations specially expressed, there can be no other conclusion than that the Legislature intended to confer upon married women the power generally to contract, subject only to some minor limitations."

The argument of the author above quoted rather appeals to the writer, and in the absence of any contrary authoritative judicial construction of this article as amended, the writer would be inclined to adopt the views so expressed. With her enlarged capacity to manage and control her separate estate, provided in article 4621 of the present Statutes, as amended by the Thirty-Third Legislature, would naturally come an enlarged responsibility, and an increased capacity to bind herself by her contracts, not specially or impliedly prohibited by statute. It appearing that Mrs. Akin was the joint maker with her husband of the note to the bank, which note formed the basis of the original judgment, and that by article 4624, a married woman is not prohibited from being the joint maker of a note with her husband, and by implication is so permitted, the writer is inclined to agree with the trial court's conclusion of law as to this basis for his

judgment. But is is not necessary for us to so decide, and the writer contents himself with this expression of his personal views.

For the reasons given, the judgment is affirmed.

### On Motion for Rehearing.

We do not think we are in conflict with the Texarkana Court of Civil Appeals in Pierson et al. v. Beard et al., 181 S. W. 765. That was a direct appeal, and hence constituted a direct attack on the judgment, and the Court of Civil Appeals merely held that when it appeared from the petition itself that one of the parties was a married woman and it was not shown that the debt was contracted for the benefit of her separate estate, nor did it otherwise appear that facts existed rendering her personally liable, no personal judgment should be rendered against her.

In the instant case, as to the original trial and judgment, it did not appear from the petition or otherwise that the defendant Mrs. Nellie P. Akin was a married woman; the judgment was by default, and, moreover, the attack on the judgment is collateral. Therefore we adhere to our original holding. A default judgment against a married woman, where the petition does not disclose her coverture, is not thereby void, but merely voidable, even on direct action to set it aside. Focke et al. v. Sterling et al., 18 Tex. Civ. App. 8, 44 S. W. 611. In Baxter v. Dear, Adm'r, 24 Tex. 17, 76 Am. Dec. 89, it was held that a married woman could not set up, in a proceeding by scire facias to revive a judgment, a defense existing at the time of and concluded by the original judgment.

Since writing our original opinion herein, there has appeared in the Southwestern Advance Sheets, 192 S. W. 1088, the case of Red River National Bank v. Ferguson et al., in which the Texarkana Court of Civil Appeals announces conclusions in consonance with the views, if not the holding, of the majority in the instant case, and goes somewhat into the history of the enactment of article 4624, Vernon's Sayles' Texas Civil Statutes. With this additional light thrown upon the question, the writer is prepared to withdraw the personal views expressed, to the effect that under the present law, that even though the original judgment herein were not by default, and even though the attack thereon were direct, Mrs. Akin should be held liable.

Being of the opinion that our original judgment was correct, and that no conflict with the holding of any other Court of Civil Appeals is presented, we overruled the motion for rehearing, and also the motion to certify.