AIKEN et ux. v. FIRST NAT. BANK OF BRIDGEPORT. (No. 8700.)

(Court of Civil Appeals of Texas. Ft. Worth. June 23, 1917. Rehearing Denied Oct. 13, 1917.)

HUSBAND AND WIFE ⬥152—DISABILITIES OF WIFE—STATUTES.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624, as to the separate property of the husband and wife and the husband's liability for the debts of the wife, no general power is given to married women to bind themselves personally or their separate estates by notes or other contracts.

Error from District Court, Wise County; F. O. McKinsey, Judge.

Action by the First National Bank of Bridgeport against W. J. Aiken and wife. Judgment by default for plaintiff, and Nellie P. Aiken brings error. Reformed and affirmed.

Bumpass & Crumbaugh, of Terrell, for plaintiff in error. McMurray & Gettys, of Decatur, and H. E. Lobdell, of Bridgeport, for defendant in error.

BUCK, J. The First National Bank of Bridgeport, Tex., sued W. J. Aiken and Nellie P. Aiken upon the latter's joint note executed to plaintiff for $500, dated December 2, 1914, due October 1, 1915, and secured by deed of trust on two certain tracts of land in Wise county, Tex. Plaintiff prayed for a judgment against both defendants on said note, and for foreclosure of its lien. Judgment was had by default for the amount of the note, interest, and attorney's fees, and for foreclosure of the deed of trust lien on the land mentioned. Nellie P. Aiken prosecutes her writ of error.

The cause was before this court under another phase and under the same style, No. 8587, on March 31, 1917. See 194 S. W. 610, Advance Sheets. The appeal in that case was from a judgment and order of the district court dissolving a temporary injunction theretofore granted, which restrained the appellee and the sheriff of Wise county from selling certain lands, other than the lands covered by the deed of trust heretofore mentioned, alleged to be the separate property of Mrs. Aiken, in satisfaction of the judgment rendered in this cause. The judgment from which the appeal was taken in the former case was one dissolving the temporary injunction, and the original judgment rendered, from which the writ of error is prosecuted in this case, being by default, and the petition in the original suit failing to disclose the coverture of Mrs. Nellie P. Aiken, and the attack on the judgment being collateral, we held in the former case that the door of inquiry was closed, under such collateral attack, as to any irregularities or defects in the original judgment, not apparent on the face of the record. Hence we affirmed the judgment of the trial court. But a different

rule obtains in the case of a review under a direct appeal, as presented in the case now before us.

While the petition, as before stated, in this case does not disclose the coverture of Mrs. Aiken nor her relation to her codefendant, W. J. Aiken, yet the statement of facts herein filed containing the evidence introduced under the default judgment discloses such coverture and such relationship. Such statement of facts recites:

"Plaintiff introduced the note sued on, executed by defendant W. J. Aiken and wife, Nellie P. Aiken, given to the plaintiff, First National Bank of Bridgeport," etc.

Also:

"Plaintiff introduced the deed of trust executed by defendants W. J. Aiken and wife, Mrs. Nellie P. Aiken," etc.

This deed of trust is shown by the statement of facts to have been duly acknowledged by Mrs. Aiken "in the manner and form as required by law." Therefore it is apparent that the coverture of Mrs. Aiken was fully disclosed in the court below. There was neither pleading nor proof that the note sued on was given for the benefit of Nellie P. Aiken's separate estate, nor, in fact, was there any proof as to the purpose in, or consideration for, the giving of such note and deed of trust. The judgment appealed from provides for a general judgment against both defendants, as well as a foreclosure against the land as to both defendants, and further provides that in the event the land shall not sell for enough to pay off and satisfy said judgment, then the "officer shall make the balance due as under execution." This, of course, makes the judgment a personal one against Mrs. Aiken, and such feature constitutes the basis of plaintiff in error's complaint as shown by his single assignment of error. It has been repeatedly held under the law as it existed prior to the amendment by the Thirty-Third Legislature, 1913 (Acts 33d Leg. c. 32), of articles now numbered 4621, 4622, and 4624, Vernon's Sayles' Texas Civil Statutes, that a married woman is not liable for a debt, or under a contract unless the pleadings and proof show that such debt was incurred, or contract made, for necessaries for herself or children, or for the benefit of her separate estate. Trimble v. Miller, 24 Tex. 215; Covington v. Burleson, 28 Tex. 368. If the pleadings and proof do not disclose the conditions under which she may be held liable, a judgment rendered against a married woman, under such circumstances, would be erroneous and subject to be set aside by proper review. Red River National Bank v. Ferguson, 192 S. W. 1088, and cases there cited. We are of the opinion that no general power is given to a married woman to bind herself personally, or her separate estate, by a note or other contract by reason of the amendment to the three articles of the several statutes here-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tofore mentioned. Article 4624 prior to the 1913 amendment provided that the wife might contract debts for necessaries furnished herself or her children, and for all expenses which might have been incurred by the wife for the benefit of her separate property; but no such power is expressly vested in the wife under the amended article. As noted in Red River Nat. Bank v. Ferguson, supra, the bill as originally passed amending article 4624 contained the following language immediately preceding the language contained in the present amended article, to wit:

"The wife may make any contract which she would be authorized to make but for her marriage, except those herein or elsewhere forbidden, and her coverture shall never be a defense in any suit or action based on such contract, but suits may be brought thereon in the manner prescribed by articles 1840 and 1841."

By a concurrent resolution the bill was recalled from the Governor (House Journal, pp. 1254 and 1351), and the bill finally passed in its present form. It is thus shown that it was the intention of the Legislature to refrain from conferring general power on the wife to bind herself by her contracts. Since by the caption of this act it is shown that it was the intention and purpose of the Legislature to repeal article 4625 of the Revised Civil Statutes of 1911, which authorized the court, when it appeared to the satisfaction of such court and the jury that the debts so contracted and expenses so incurred were for the purposes enumerated in article 4624, as it was prior to the amendment, and that the debts so contracted, or expenses so incurred, were reasonable and proper, to decree that execution might be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff, we are of the opinion that the evident legislative intent was not to confer general capacity on the wife to bind herself or her separate estate by reason of contracts made or debts incurred. Indeed, there seems to be now no positive statutory declaration authorizing the wife to bind herself or her separate estate for debts contracted, or expenses incurred, for the benefit of such separate estate, and it would appear that the courts are only authorized to read into this statute, by way of implication, such a provision, in order that the wife, in the control and management of her separate estate, may have the means of protecting such separate estate from waste or loss. Article 4621, Vernon's Sayles' Texas Civil Statutes.

From what we have said above, it follows that in our opinion so much of the judgment below as authorized a personal money judgment against the wife is erroneous. The judgment is reformed so as to eliminate and exclude any personal judgment against the wife, and, as so reformed, the judgment will be affirmed.