## CREOSOTED WOOD BLOCK PAVING CO. v. McKAY et al.　(No. 8660.)

(Court of Civil Appeals of Texas. Dallas. April 15, 1922. Rehearing Denied May 20, 1922.)

1. **Acknowledgment ☞20(3) — That notary who took owner's acknowledgment to contract giving paving contractor lien on homestead was contractor's employé did not invalidate contract.**

Owners' contract, giving paving contractor a mechanic's and materialman's lien on their homestead, was not void because the owners' acknowledgment was taken by the contractor's employé as a notary, where the employé was not pecuniarily interested in the financial benefits to accrue to the contractor.

2. **Appeal and error ☞878(6)—Wife, not having raised question of disability of coverture, could not complain of judgment on such ground on appeal by adverse party.**

In an action against a husband and a wife, the wife could not complain of the judgment against her on plaintiff's appeal from judgment giving it insufficient relief, where the disabilities of coverture were not presented in the trial court either by exception or plea, or in the appellate court by exception to the judgment or by cross-assignment; such judgment not being void by reason of the coverture, but merely voidable by direct proceedings through appeal or writ of error.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Suit by the Creosoted Wood Block Paving Company against A. C. McKay and others. From judgment giving it insufficient relief, plaintiff appeals. Reformed and affirmed.

See, also, 211 S. W. 822, 234 S. W. 587.

George Sergeant, of Dallas, for appellant. Geo. T. Burgess, of Dallas, for appellees.

VAUGHAN, J. Only two questions are presented by this appeal, and, to reflect same it is only necessary to make the following résumé of the pleadings without particularizing the several pleadings or the order in which same were filed, to wit:

Appellant, a private corporation, instituted its suit on the 13th day of December, 1915, against A. C. McKay and wife, Mrs. A. C. McKay, two of the appellees, to recover a personal judgment against them on a certain certificate of special assessment issued and delivered to appellant by the city of Dallas on the 9th day of December, 1913, in the principal sum of $294.71, and made payable

by said appellees to appellant in three installments, one within 30 days after the 31st day of October, 1913, one 1 year after said date, and one 2 years after said date, with interest on each amount at the rate of 7 per cent. per annum from October 31, 1913, until paid, together with a reasonable attorney's fees if incurred in the collection of said obligation; also to foreclose a paving lien contract and mechanic's and materialman's lien contract on the following described property:

"84 ft. front on the N. W. line of Tenth St., part of lots 6 and 7 block 3078—95, according to the official map of the city of Dallas, Texas, described in deed from W. M. Buchanan and wife to A. C. McKay, dated June 15, 1910, recorded in vol. 481, p. 525, deed records of Dallas county, Texas"

—against A. C. McKay and wife and the Investors Mortgage Security Company, Limited, a private corporation, Seymour Wagner, and Maco Stewart, the other appellees.

Said paving lien certificate, issued by the city of Dallas, will not be further noticed as to lien claimed to have been created thereby on said property, as appellant does not contend on this appeal that same created a valid lien thereon, said property being now, and at the time of the execution of said paving lien certificate and continuously since, the homestead of appellees McKay and wife, and which was not executed by them in the manner and form required by law in order to create a valid lien on said property. Creosoted Wood Block Paving Co. v. McKay et al. (Tex. Civ. App.) 211 S. W. 822.

That on the 4th day of April, 1913, appellees A. C. McKay and wife, to secure the payment of said paving certificate, executed and delivered to appellant a mechanic's and materialman's lien on the property above described, which was acknowledged by said appellees on the 20th day of September, 1913, before J. N. Meek, a notary public of Dallas county, Tex. The object of appellant's suit being to recover personal judgment against McKay and wife for the amount due on said paving certificate and to foreclose said mechanic's and materialman's lien on their homestead as against all the appellees.

Appellees McKay and wife defended through general denial and plea setting up homestead exemption that the indebtedness claimed by appellant was not for improvements made upon their homestead, and that appellant had no contract in writing for said improvements which created a valid lien upon their homestead.

The Investors Mortgage Security Company, Limited, by its answer filed April 15, 1918, alleged that it had acquired and held a purchase-money debt for the sum of $1,500, secured by vendor's lien on said homestead of appellees McKay and wife, which by extension would be due June 1, 1918, and that if the lien claimed by appellant was valid against said property it was inferior and subject to its lien.

Appellant by supplemental petition alleged that said debt and lien had been by appellee Investors Mortgage Security Company, Limited, transferred to appellee Seymour Wagner, who was the legal owner and holder of same, and that same was superior to its lien.

So far as disclosed by the record, neither of the appellees Maco Stewart nor Seymour Wagner answered.

[1] Trial was had before the court without a jury, resulting in judgment for appellant against McKay and wife for the sum of $531.-33; said sum representing principal, $294.71, interest $136.62, and attorney's fees $100, without foreclosure of either of the liens claimed by appellant. From this judgment appellant alone appeals, presenting but one material question, to wit: Was the acknowledgment of the appellees Mr. and Mrs. A. C. McKay to the mechanic's and materialman's lien contract on their homestead taken by the notary public, J. N. Meek, of no effect, and said instrument void because of the fact that such notary public was then and there an employé of appellant corporation, the beneficiary or vendee in said instrument?

Unless said notary public was a stockholder in or an officer of said appellant corporation, or pecuniarily interested in the financial benefits to accrue to appellant by and through the execution of said instrument, said question must be answered in the negative.

Following are the facts by which this must be determined: J. N. Meek, the officer who took said acknowledgment, was an employé of appellant during the period of time from A. D. 1911 to A. D. 1914, as a paving solicitor, commonly known as a promoter. His position was a minor one as an employé only, and not with any authority as an agent. He was so employed on the 20th day of September, 1913, the date of said acknowledgment. He was not an officer of nor a stockholder in appellant company. His salary was $125 per month at that time, which was not increased nor diminished by reason of the fact that he became a notary public and performed the duties of that office. He was not pecuniarily interested in the financial benefits to accrue to appellant on account of the execution of said mechanic's lien contract, had no interest in the consideration for the execution of same or the benefits to result therefrom.

The fact that the notary public was in the employ of the appellant did not of itself disqualify him to take the acknowledgment, as his employment did not create in him a direct pecuniary interest in the consideration for the execution of the instrument, or make him interested in upholding same after it was executed, as, under his relations with appellant or the instrument acknowledged his financial interest could not have been increased nor diminished whether or not the validity of said instrument was upheld, and

this was the only interest which could have disqualified the officer to take the acknowledgment. The instrument was not acknowledged before an officer who was a party to the transaction involved or had a pecuniary interest in the consideration of same, or pecuniarily interested in upholding said instrument after it was executed. Therefore it was error for the trial court to hold said mechanic's and materialman's lien contract void. Creosoted Wood Block Paving Co. v. McKay et al., supra; Sample v. Irwin, 45 Tex. 567; Titus v. Johnson, 50 Tex. 224; Kutch v. Holley, 77 Tex. 222, 14 S. W. 32; Smith v. Ayden Lbr. Co., 144 N. C. 47, 56 S. E. 555; Bank of Woodland v. Oberhaus, 125 Cal. 324, 57 Pac. 1070; Pence v. Jamison, 80 W. Va. 761, 94 S. E. 383.

[2] Appellees McKay and wife, for the first time, seek to question the validity of the personal judgment rendered against appellee Mrs. A. C. McKay. The judgment was not questioned in any respect in the trial court, to wit, her disabilities of coverture were not presented either by exception or plea, and the judgment rendered was not excepted to or cross-assignment presented as a basis of questioning the validity of same before this court.

We know of no rule of law prescribing a different degree of diligence and procedure for a married woman than for any other class of litigants, but understand that the same rules of procedure and requirements as to diligence apply to all parties to suits alike. Cayce v. Powell, 20 Tex. 768, 73 Am. Dec. 211; Baxter v. Dear, 24 Tex. 17, 76 Am. Dec. 89.

Under the pleadings and evidence the court was authorized to render the judgment, and, as same does not carry within its terms invalidity, same is not void as that term is usually applied, however voidable by direct proceedings, to wit, through appeal or writ of error. Appellant appealed from said judgment only in so far as same denied it the foreclosure of lien.

The judgment was pronounced by a court of competent jurisdiction. Appellee Mrs. A. C. Mckay was before the court as any other litigant (although under the disability of coverture). She did not on the trial urge her disability as a bar to the recovery of judgment against her or prosecute an appeal or writ of error to vacate or set same aside; therefore, in the condition of the record, cannot avail herself of such defense on this appeal. Laird v. Thomas, 22 Tex. 276; Focke v. Sterling, 18 Tex. Civ. App. 8, 44 S. W. 611; Nichols v. Dibrell, 61 Tex. 539; Howard v. North, 5 Tex. 290, 51 Am. Dec. 769; Taylor v. Harris, 21 Tex. 439; Baxter v. Dear, supra; Carson v. Taylor, 19 Tex. Civ. App. 177, 47 S. W. 395.

The judgment of the trial court will therefore be reversed in so far as appellant was denied foreclosure of the mechanic's and materialman's lien, and in that respect said judgment will be reformed so as to foreclose said lien against all of the appellees as it existed on the 20th day of September, 1913, on the property above described, to secure the payment of $431.33, the amount of principal and interest due on said paving certificate for which judgment was rendered against appellees McKay and wife, said foreclosure, however, subject to the superior lien of appellees Seymour Wagner and the Investors Mortgage Security Company, Limited, on said property.

Reformed and affirmed.